Pickel v. The Phenix Insurance Company, of Brooklyn.

Filed June 6, 1889.

| | |
|---|---|
| 119 | 291 |
| 121 | 529 |
| 121 | 578 |
| 123 | 174 |
| 123 | 193 |
| 119 | 291 |
| 127 | 543 |
| 119 | 291 |
| 132 | 452 |
| 133 | 109 |
| 119 | 291 |
| 147 | 550 |
| 119 | 291 |
| 165 | 323 |

No. 13,745.

## PICKEL v. THE PHENIX INSURANCE COMPANY, OF BROOKLYN.

INSURANCE.—*Indivisible Risk.*—*Breach of Warranty.*—A policy of insurance covering a house and the personal property therein is entire and indivisible, and a breach of warranty which will avoid the policy as to one class of property will also avoid it as to the other.

SAME.—*Divisible Risk.*—Where a policy of insurance covers two or more buildings, which are so situated that the risk on each is separate and distinct, the policy is a divisible one, and breaches of warranty affect-

Pickel v. The Phenix Insurance Company, of Brooklyn.

ing the risk on one building constitute no defence to an action for the destruction of another.

SAME.—*Condition of Property.—Encumbrance.— Value.*—Warranties that an insured house is twelve years old, when it is thirty, that the encumbrance on the land upon which the house is situate is $1,000, when it is $2,200, with a large accumulation of interest, and that the house is worth $400, when it is worth only $250, will avoid the policy.

SAME. —*Agent.—Filling Blanks in Application.—Scope of Authority.*—An agent, authorized to take applications for insurance, acts within the scope of his authority when he fills out a blank application, and if, by his fault or negligence, it contains misstatements not authorized by the instructions of the applicant, the wrong will be imputed to the company.

SAME.— *Writing False Answers.—Estoppel of Company.*—Where an agent, authorized by his company to take applications for insurance, writes false answers to questions contained in the application, without the knowledge and contrary to the directions of the applicant, who makes true answers to such questions, the company is estopped by the answers thus written by its agent.

SAME. —*Value of Property.—Honest Judgment of Insured.*—Questions of value, when applied to real estate, are from necessity matters of mere opinion, and if the applicant for insurance gives the value of the property according to his honest judgment and opinion, there is no breach of warranty.

SAME.—*Notice of Loss.— Unreasonable Delay.—Evidence.*—A provision in a policy requiring notice of loss to be given forthwith is void under section 3770, R. S. 1881, yet the assured is required under the policy to give notice within a reasonable time. An unexplained delay of fifty days is unreasonable, and the notice may be excluded from evidence.

SAME.—*Diligence.— When Question for Jury and When for Court.*—Where the facts constituting diligence in giving notice are in dispute, what is a reasonable time is a question for the jury, under proper instructions; but where the facts are not in dispute, the question is for the court.

From the Knox Circuit Court.

*W. A. Cullop, G. W. Shaw* and *C. B. Kessinger*, for appellant.

*J. McCabe* and *E. F. McCabe*, for appellee.

COFFEY, J.—This is an action by the appellant against the appellee upon an insurance policy. The complaint alleges that, on the 15th day of June, 1886, the plaintiff's residence, in Knox county, together with his household goods therein, covered by the policy in suit, was destroyed by fire.

Pickel *v.* The Phenix Insurance Company, of Brooklyn.

The appellee filed an answer in eleven paragraphs, the first being a denial.

The second paragraph avers that the policy of insurance was issued upon the written application of the appellant; that in said application the appellant represented and warranted that the house named in the complaint was only twelve years old, when in truth and in fact it was thirty years old, by reason of which breach of warranty said policy is void.

The third paragraph of the answer avers that the policy in suit was issued upon the written application of the appellant, and that in said application he represented and warranted that there was only an encumbrance of $1,000 on the land upon which the house named in the complaint was located, when in truth and in fact there was a mortgage on said land for the sum of $2,200, and $770 interest thereon, by reason of which breach of warranty said policy is void.

The fourth paragraph avers that the policy in suit was issued upon the written application of the appellant, and that in said application he represented and warranted that the house named in the complaint was of the then cash value of $400, when in truth and in fact it was of the then cash value of $250 only, by reason of which breach of warranty said policy is void.

The fifth paragraph avers that the policy in suit was issued upon the written application of the appellant, and that in said application he stated and warranted that another dwelling-house situated on the land described in the policy was of the value of $300, when in truth and in fact it was of the value of $100 only, by reason of which breach of warranty the policy was void.

The sixth paragraph avers that the policy in suit was issued upon the written application of the appellant, and that in said application the said appellant stated and warranted that the barn described in said policy of insurance was of the value of $500, when in truth and in fact it was

of the value of $300 only, by reason of which breach of warranty said policy is void.

The seventh paragraph avers that the policy in suit was issued on the written application of the appellant, and that in said application the appellant warranted and stated that the land upon which the house named in the complaint was located was of the value of $35 per acre, when in truth and in fact it was of the value of $25 only, by reason of which breach of warranty said policy was void.

The eighth paragraph avers that one of the conditions of the policy in suit is, that if the buildings therein named shall be or become vacant during the existence of the policy, the same should become void; that in violation of said condition, dwelling-house No. 2, named in said policy, did become vacant after the execution of said policy, and so remained vacant up to the time of the destruction of the house named in the complaint, by reason of which said policy became void.

The ninth paragraph avers that certain personal property covered by the policy in suit, consisting of stock and farming implements, was mortgaged in violation of the conditions of said policy, by reason of which said policy became void.

It is averred in the tenth paragraph of the answer that, in violation of the conditions of the policy in suit, the appellant mortgaged certain of the personal property insured thereby, consisting of corn and hay, by reason of which said policy became void.

It is averred in the eleventh paragraph of the answer that one of the conditions in the policy in suit is, that if the property insured shall become mortgaged or encumbered during the existence of the policy, the same shall become void; that, on the 18th day of February, 1885, one William J. Hebberd recovered a judgment in the Knox Circuit Court, which became a lien on the house named in the complaint, by reason of which said policy became void.

The appellant filed a several demurrer to each of the above affirmative answers, which was sustained as to the eleventh and overruled as to the others, to which he excepted.

The appellant then filed a reply in three paragraphs, the first consisting of the general denial. The court sustained a demurrer to the second and third paragraphs of the reply, and the appellant excepted. A trial of the cause resulted in a verdict and judgment for the appellee. The appellant assigns as error:

1st. That the court below erred in overruling separately and severally the demurrers to each of the second, third, fourth, fifth, sixth, seventh, eighth, ninth and tenth paragraphs of the answer to the complaint.

2d. That said court erred in sustaining the demurrers of the appellee to each of the second and third paragraphs of the reply to the answer.

3d. That said court erred in overruling the motion for a new trial.

The second, third and fourth paragraphs of the answer aver breaches of warranty contained in the application for the insurance of the house named in the complaint. These warranties are in relation to the condition of the property destroyed, and where there is a substantial breach of such warranties the policy is void. The warranties affecting the risk on the house also affected the personal property contained therein. As to the house and its contents, the policy is an entirety, and indivisible. *Phenix Ins. Co.* v. *Pickel, ante,* p. 155.

In our opinion these answers constitute a good defence to the cause of action set up in the complaint. This policy was involved in the case of *Phenix Ins. Co.* v. *Pickel, supra.* In that case it was held that the policy was several as to the different buildings therein named, and that a breach of the warranty as to the one did not affect the other.

The fifth, sixth, seventh, eighth, ninth and tenth paragraphs of the answer aver breaches of warranties and covenants having no relation to the building and its contents for

the destruction of which this suit is prosecuted. In our opinion these several answers constitute no defence to the plaintiff's complaint, and that the circuit court, therefore, erred in overruling the demurrers thereto.

The second paragraph of the reply is addressed to the third paragraph of the answer, and avers that the application therein set out was written on a printed blank furnished by the appellee, which had printed questions thereon, with blanks for answers thereto; that said application was made by him, at the request of the appellee, through its general agent, S. R. Hopkins, who took the same by reading the questions printed thereon, and writing down the answers of the appellant thereto; that in answer to the question in said application in relation to the real estate on which the buildings insured are situate, "Is it incumbered in any way? If so, when is mortgage due, and for how much?" the appellant truly answered, "Yes; there is a mortgage on it for $2,200, executed to the General Life Insurance Company, of Hartford, Connecticut," but the said Hopkins falsely and fraudulently, and for the purpose of securing his commission for procuring said contract of insurance, which the appellee promised to pay him, wrote said answer as it appears written in said application, to wit: "Mortgaged, $1,000;" that thereafter, and as soon as said answers and questions were completed, said Hopkins read the said application over to the appellant, and read the same as if the appellant's proper answer, as above, had been written therein; that the appellant was fifty years of age and unable to read, and relying upon the promise of said agent to write his answers correctly, and read the same correctly to him when written, which promise said Hopkins made to him, signed the same, after which said Hopkins transmitted it to appellee, who accepted it with full knowledge of the false and fraudulent acts of the said Hopkins, as aforesaid, and, with full knowledge thereof, afterwards executed to the appellant the policy sued on and received from him the premium thereon, to wit,

the sum of thirty-five dollars; that the appellee knew at the time it issued the policy in suit that said property was encumbered by the˙aforesaid mortgage of $2,200, and did not rely on the statements and warranty contained in said application that the same was encumbered only to the extent of $1,000, but knowing the fact issued said policy nevertheless.

The third paragraph of the reply is addressed to the fourth, fifth, sixth and seventh paragraphs of the answer, and avers that in estimating the value of the buildings and real estate on which they are situate in his said application, he answered the questions in relation thereto, as set forth in each of said paragraphs of answer, honestly and truthfully, according to his best judgment of the value of each, without any intention to deceive or defraud the appellee, but with the honest intention of informing the appellee of their true value according to his judgment; that the values thereto affixed by him were their true values at that time according to his best judgment; that appellee accepted said application, and issued to appellant said policy, with the understanding and agreement that the said estimates of value were by the appellant founded upon his best judgment as aforesaid.

An agent, authorized to take applications for insurance, should be deemed to be acting within the scope of his authority where he fills up the blank application of insurance; and if, by his fault or negligence, it contains a misstatement not authorized by the instructions of the party who signed it, the wrong should be imputed to the company, and not to the assured. *Rowley* v. *Empire Ins. Co.*, 36 N. Y. 550. And when the agent thus authorized by his company to take applications for insurance, without the knowledge of the applicant, writes false answers to questions contained in the application contrary to the directions of the applicant, who makes true answers to such questions, the company will be estopped by the answers thus written by its agent. *Plumb* v. *Cattaraugus County M. Ins. Co.*, 18 N. Y. 392; *Insurance Co.* v. *Wilkinson*, 13 Wallace, 222; *Insurance Co.* v. *Ma-*

*hone*, 21 Wallace, 152; *New Jersey M. L. Ins. Co.* v. *Baker*, 94 U. S. 610.

In this case it is averred in the reply, and admitted by the demurrer, that the appellant gave the true amount of encumbrance to the appellee's agent; that said agent wrote a false answer to the question contained in the application relating to encumbrances; that applicant could not read; that the agent falsely read the application to him, having agreed to read it correctly; that the appellee had notice of the fraud perpetrated upon the appellant, and with such knowledge issued to him the policy in suit and accepted the premium. We think that the appellee should not, under the circumstances set up in this reply, be permitted to assert now, for the purpose of avoiding the policy in suit, that the answer in said application is not true. In our opinion the second paragraph of the reply is good, and the court erred in sustaining a demurrer thereto.

We think the court also erred in sustaining a demurrer to the third paragraph of the reply. Questions of value, when applied to property of the kind covered by this policy, are, from necessity, matters of mere opinion.

Wood on Fire Insurance, pp. 568–9, in discussing the question now under consideration, says: "How is value determined? Is it not a matter of judgment and opinion wholly, except, it may be, in special instances? How is the value of real estate to be estimated? What is the standard by which to ascertain the value of a building? Is it what this man or that says it is worth? Is it what it would cost to build another of the same style and materials? The ascertainment of any of these facts is a mere matter of judgment. Has not the assured the same right to exercise his judgment, if he exercises it honestly, that his neighbors on the jury have? When the insurers propound this inquiry, upon what basis and by what standard is it to be presumed they expect the insured to estimate the value? Is it reasonable to suppose that they expect him to estimate the value

Pickel v. The Phenix Insurance Company, of Brooklyn.

of the materials composing it, the cost of labor to build it, or rather to give his *honest judgment and opinion upon the question?* Suppose the question in the application to be, 'What, in your honest judgment and opinion, is the value of the property?' Would it not be held that, in order to avoid the policy, the insurer must show that the value was not given according to the honest judgment and opinion of the insured? Most certainly. And it is difficult to conceive how the introduction of the words 'judgment or opinion' into the question can affect the right of the parties at all, for, in nearly all instances, the question of value is well known to be a mere matter of opinion. Particularly is this so as to buildings and real estate generally, and all the insurer expects or has the right to expect in answer to a question of the value thereof is simply the honest judgment and opinion of the assured, and it is absurd to hold the assured responsible for an error of judgment *honestly* made, simply because his neighbors differ with him in that respect. A doctrine that held the insurer up to a strictly exact valuation would be extremely unjust, and would result in vitiating one-half the policies issued, for, under the rule, the difference of *one cent* is as disastrous as a difference of a large amount."

We are of the opinion that there may be a warranty of value, but such warranty amounts to nothing more than that the value stated is the honest judgment and opinion of the party making such valuation. From the very nature of such a warranty it must be so understood by the insurer when it is accepted. It follows from this that if the values attached to property covered by the policy in suit are the result of the honest judgment and opinion of the assured, there is no breach of the warranty, and the third paragraph of the reply is, therefore, good.

The loss in this case occurred on the 15th day of June, 1886, and the notice of such loss was mailed to the appellee on the 4th day of August thereafter, a period of fifty days.

The policy in suit contains a provision that in case of loss the insured shall forthwith give notice thereof to the company. After proof of mailing the notice to the appellee's agent at Chicago, the appellant, without giving any excuse for the delay in mailing such notice, offered in evidence a copy thereof. Upon objection made by the appellee, the court refused to allow such copy to be read in evidence.

It is contended by the appellant that under the provisions of section 3770, R. S. 1881, the condition in said policy is void, and that, therefore, the court erred in refusing to allow said notice to be read in evidence.

Section 3770, R. S. 1881, prohibits foreign insurance companies, doing business in this State, from inserting in their policies of insurance a condition requiring the insured to give notice of loss forthwith, or within a period of less than five days.

In the case of *Insurance Co.* v. *Brim*, 111 Ind. 281, it was held that where such a condition was inserted the same was void, but nevertheless, under a policy containing such a condition, the assured was required to give notice within a reasonable time.

Where the facts constituting diligence are in dispute, what is a reasonable time is a question for the jury, under proper instructions of the court, but where the facts are not in dispute, what constitutes a reasonable time is a question of law for the court.

In the case of *Railway Passenger Assurance Co.* v. *Burwell*, 44 Ind. 460, it was held, under the circumstances in that case, that six days was not a reasonable time; in the case of *Inman* v. *Western Fire Ins. Co.*, 12 Wend. (N. Y.) 452, thirty-eight days was held to be unreasonable; in *Whitehurst* v. *North Carolina Mutual Ins. Co.*, 7 Jones L. (N. C.) 433, twenty days was held not to be reasonable; and in the case of *Trask* v. *State Fire, etc., Ins. Co.*, 29 Pa. St. 198, eleven days was held not to be a reasonable time.

Under these authorities we are constrained to hold that a

delay of fifty days in this case, unexplained, was an unreasonable delay, and that the court did not err in refusing to allow the appellant to read the notice in evidence.

The judgment of the court below is reversed, with instructions to sustain the demurrer to the fifth, sixth, seventh, eighth, ninth and tenth paragraphs of the answer, and to overrule the demurrer to the second and third paragraphs of the reply, and for further proceedings not inconsistent with this opinion.

