Filed Oct. 29, 1889.

---

No. 13,498.

THE PHŒNIX INSURANCE COMPANY OF BROOKLYN v. STARK.

INSURANCE.—*Action on Policy.—Pleading.—Property Insured.—Allegation of Ownership.*—A complaint on a policy of insurance containing a provision that "if the assured shall not be the sole and unconditional owner in fee of said property then this policy shall be void" is sufficient, in the absence of a motion to make more specific, if it avers generally that the plaintiff was the owner of the property insured.

SAME.—*Application.—Filing with Complaint.*—In an action on an insurance policy, it is not necessary to file with the complaint a copy of the application on which the policy was issued.

SAME.—*Agent.—Filling Application.—Scope of Authority.*—An agent of an insurance company authorized to solicit and take applications for insurance is acting within the scope of his authority in preparing such applications, and if in doing so he fraudulently inserts false answers to interrogatories, without the knowledge or fault of the applicant; the company, and not the insured, must suffer.

From the Vigo Circuit Court.

*J. M. McCabe, E. F. McCabe* and *H. B. Jones,* for appellant.

*B. F. Havens. S. C. Davis, S. B. Davis* and *H. C. Nevitt,* for appellee.

COFFEY, J.—This was an action, in the usual form, on a

policy of insurance, executed by the appellant to the appellee, insuring him against loss by fire on his dwelling-house and the household goods therein contained.

The appellant answered in five paragraphs, the first being a general denial.

The second avers that the policy was issued upon a written application made by the appellee, and taken by a special agent with limited powers to take and forward applications for insurance only, and that in said application the appellee represented and warranted that there was no encumbrance on the land upon which said dwelling-house was situated, whereas in truth and in fact there was then and there a mortgage for the sum of $1,400 to R. H. Cochran, which was a valid subsisting lien upon said land, by reason of which said policy of insurance is void.

The third paragraph avers that the policy in suit was issued upon the faith of a written application made by the appellee, taken by the agent mentioned in the second paragraph of the answer, and that in said application the appellee represented and warranted that the land whereon said dwelling-house was situated was of the value of $50 per acre, whereas in truth and in fact said land was worth the sum of $35 per acre, and no more, by reason of which said policy is void.

The fourth paragraph of the answer avers that the policy of insurance in suit was issued upon a written application made therefor by the appellee, taken by the agent named in the second paragraph of the answer, and that in said application the appellee represented and warranted that the said house was only four years old, whereas in truth and in fact said house was eight years old, by reason of which said policy of insurance is void.

The fifth paragraph is the same as the others so far as it relates to taking the written application for the policy, and avers that in said application the appellee represented and warranted that said house was then of the cash value of $1,-

200, whereas in truth and in fact it was of the value of $800,. and no more, by reason of which the policy in suit is void..

The appellee replied to these several answers in two paragraphs, the first being a general denial.

The second paragraph is in the nature of a special *non est factum* to the application set out with the answers, and avers, in substance, that said application was brought to the appellee by one T. W. Howard, the agent of the appellant, in the form of a printed blank, who read the same over to the appellee; that he answered the questions therein contained truly and correctly; the said agent undertaking and promising to write the said answers correctly, and undertook to fill out said application; that he answered that said house was, in his judgment, worth about $800, and that the same was about eight years old; that the real estate upon which said house was situated was encumbered by a mortgage to the amount of $1,400, and that said land was, in his judgment, of the value of $— per acre; and that said agent then and there informed the appellee that it was wholly unnecessary to answer said questions, and then and there left the blanks for the answers of said questions wholly unfilled and blank; that the appellee, being wholly ignorant of such business, relied upon the statements of said agent, and did not require said blanks to be filled; that he had no knowledge of any limitation on the power of said agent; and that said application was so blank when he signed and delivered the same to said agent; that he never afterwards authorized any one for him to fill said blanks with the words which appear therein, or in any other manner; that said answers have been written therein since he signed and delivered said application, and while the same was in the possession of the appellant, without his knowledge or consent, and that all such answers are as to him false and fraudulent; that the appellant accepted said application so signed by him as aforesaid and issued to him the policy in suit with full knowledge of all the facts aforesaid, and that said blanks were in said

application unfilled when he signed the same, and that he had fully and truly informed appellant's agent as to all said facts, and with said knowledge received, and has ever since retained, appellee's money paid as a premium for said insurance, and still retains the same. Wherefore, etc.

This reply is sworn to by the appellee. A trial of the cause, before a jury, resulted in a verdict for the appellee, upon which the court rendered judgment. No motion for a new trial was filed.

The assignment of errors calls in question the sufficiency of the complaint in the cause, and the sufficiency of the second paragraph of the reply.

The policy of insurance before us contains a provision to the effect that "if the assured shall not be the sole and unconditional owner in fee of said property then this policy shall be void," and it is contended by the appellant that the complaint is bad because it does not aver that the plaintiff was the sole and absolute owner of the property covered by the policy in suit. The complaint does aver that appellee was the owner of the property destroyed at the time the policy of insurance was issued and at the time of its destruction.

In the case of *Dow* v. *Gould & Curry, etc., Co.*, 31 Cal. 629, it was said that an owner is he who has dominion of a thing real or personal, corporeal or incorporeal, which he has a right to enjoy and do with as he pleases, even to spoil or destroy it, as far as the law permits, unless he be prevented by some agreement or covenant which restrains his right.

In the case of *Converse* v. *Kellogg*, 7 Barb. (N. Y.) 590, it is said that ownership is the right by which a thing belongs to an individual, to the exclusion of all other persons.

Without entering into a discussion as to whether these definitions are strictly accurate, in the absence of a motion to make the complaint more specific, we think that the general allegation in the complaint that the appellee was the owner of the property insured, was sufficient. *Phenix Ins.*

*Co., etc.,* v. *Pickel,* 119 Ind. 155; *Phœnix Ins. Co.* v. *Rowe,* 117 Ind. 202.

It is further urged that the complaint is defective in not setting out a copy of the application upon which the policy in suit was issued, but it is now settled in this State that it is not necessary to file a copy of the application with the complaint. *Commonwealth's Ins. Co.* v. *Monninger,* 18 Ind. 352; *Mutual Ben. Life Ins. Co.* v. *Cannon,* 48 Ind. 264; *Continental Life Ins. Co.* v. *Kessler,* 84 Ind. 310; *Penn Mut. Life Ins. Co.* v. *Wiler,* 100 Ind. 92; *Northwestern Mut. Life Ins. Co.* v. *Hazelett,* 105 Ind. 212.

It is also contended that the complaint is bad in not alleging that the policy in suit was issued upon a consideration, but it does appear from the complaint, and the policy filed therewith, that the appellee executed his note for the agreed premium, which he subsequently paid. In our opinion the complaint in controversy states a cause of action against the appellant, and is not defective for the reasons urged against it in this court.

It remains to inquire whether the second paragraph of the reply is sufficient.

Where an agent is authorized to solicit and take applications for insurance, it must be held that he is acting within the scope of his authority in preparing such applications, and if in doing so he fraudulently inserts false answers to interrogatories, without the knowledge or fault of the applicant, the company giving such agent employment must suffer, and not the insured, who is without fault. *Pickel* v. *Phenix Ins. Co.,* 119 Ind. 291, and authorities there cited.

This case does not fall within the rule announced in *Cox* v. *Ætna Ins. Co.,* 29 Ind. 586. It can not be successfully maintained that a party should be required to prosecute a suit to reform an instrument of writing which was not under his control and which he never executed.

In the case of *Phenix Ins. Co.* v. *Allen,* 109 Ind. 273, the agent who took the application for insurance wrote therein

a false description of the location of the property without the knowledge or consent of the insured, and in commenting on that fact this court said: "If this misdescription of the location of the personal property was so written into the application, without the knowledge or consent of the plaintiffs, it was a fact which they were entitled to aver in their complaint and prove at the trial, without asking a reformation either of the application or of the policy of insurance issued upon it. The writing into the application the alleged misdescription in question by the defendant's agent, without the knowledge or consent of the plaintiffs, estopped the defendant from setting up such misdescription as a defence to the action. These general principles governing actions on policies of insurance are well recognized by numerous authorities." Then follows a list of authorities which we think fully sustain the language used by the court as above quoted. In our opinion the reply in this case was sufficient.

We find no error in the record for which the judgment of the circuit court should be reversed.

Judgment affirmed.

