The Phenix Insurance Company of Brooklyn, New York, v. Lorenz.

Filed June 22, 1893.

---

No. 373.

## The Phenix Insurance Company of Brooklyn, New York, v. Lorenz.

CONTRACT.—*How Construed.—Forfeiture.—Insurance Policy.*—The law guards jealously the rights of all parties to a contract, and enforces strictly the conditions thereof, provided such enforcement does not abrogate the purpose and intent of the parties as shown by the contract itself; and conditions which work a forfeiture of the contract,

The Phenix Insurance Company of Brooklyn, New York, *v.* Lorenz.

and especially such as enforce the contract as to one party and avoid it as to the other, are not favored in law, and will be construed with the greatest strictness against the party seeking the forfeiture. Coming within this rule are policies of insurance, where, after a compliance on the part of the insured and the sustaining of a loss, the insurer seeks a forfeiture.

INSURANCE.—*Conditions in Conflict with Policy.*— *When Will not Work a Forfeiture.*—Where, at the time a policy of insurance is contracted, circumstances or conditions existed, which were in conflict with the conditions of the policy, and the insurer or its agent knew of their existence, and agreed that as to them the conditions of the policy should not be effective, the insurer can not take advantage of their existence to defeat a recovery after a loss has occurred; and the same is true of such circumstances or conditions, where they have come into existence after the issuance of the policy and were within the knowledge of the insurer or his agent.

SAME.—*Application Made out by Agent.*—*Perversion of Facts Imputed to Company.*—*Presumption of Authority.*— Where an agent, acting within the general scope of his authority, undertakes to make out an application for insurance, and fails to state therein such facts as the applicant directs, which, if stated therein, would affect the rights of the assured under the policy, such omissions must be imputed to the company and not to the insured. And where such agency is not denied, or that he had authority to make a contract binding upon it is not controverted, the court will assume that he had authority to make any contract not in direct conflict with the charter under which it was doing business.

SAME.—*Application.*—*Policy.*—*Waiver.*—Where a policy is issued on an application which contained conditions in conflict with the policy issued in pursuance thereto, it will be presumed that such conditions in the policy were waived by the company.

SAME.—*Application.*—*Policy.*—*Inconsistent Conditions.*—Where a clause or condition in an application for insurance is so inconsistent with a clause or condition in the policy issued thereon that both can not stand together, the condition in the application will control, especially if it is one upon which the issuing of the policy depends.

PLEADING.—*Insurance Policy.*—*Answer.*—*Reply.*— *Waiver.*—In an action on an insurance policy, where the insurer answers that a certain condition of the policy had been violated, the insured may reply a waiver of the condition by the insurer, either at the time of issuing the policy or subsequent thereto.

APPELLATE COURT PRACTICE.—*When Record can not be Amended.*— Where the appellate tribunal has passed upon the record as it came to them, it can not subsequently be amended. If the record was incomplete or incorrect, it is the fault of the parties to the record,

for it is their duty to see that the transcript of the record when it comes to the appellate tribunal is true and complete.

Dissenting opinion by GAVIN, J., with which REINHARD, C. J., concurs.

Opinion on petition for rehearing by Ross, J., to which GAVIN, C. J., and REINHARD, J., dissent.

From the Harrison Circuit Court.

*A. Gilchrist* and *C. A. De Bruler,* for appellant.
*W. N. Tracewell* and *R. J. Tracewell,* for appellee.

Ross, J.—This action was brought by John Lorenz against the appellant, upon a policy of fire insurance, to recover damages for injury to property by fire. Judgment was rendered against the appellant in the sum of seven hundred and seventy-six dollars and seventy-five cents, and from this judgment the appeal is taken.

Since this appeal was perfected, said John Lorenz died, and George W. Lorenz has qualified as administrator of the estate of John Lorenz, deceased, and has been substituted as appellee. herein.

The policy of insurance declared upon in the complaint was issued July 27, 1887, by the appellant to John Lorenz, insuring him against all loss by fire to his dwelling house, household furniture and wearing apparel, his barn and hay situate therein, and his reapers, mowers, harvester and other farming utensils, wagons, buggies, harness, horses, mules, colts, and cattle, his grain in granaries, barns, or cribs. The policy was to run for five years from date of issuing, and the total amount of the insurance was thirty-two hundred dollars, distributed among several specific items separately, in the following amounts: On dwelling, $600; on household furniture and wearing apparel, $300; on barn, $300; on hay in barn, $150; on reapers, mowers, harvesters and other farming utensils, and wagons, buggies and harness, $200; on grain in

granaries, barn, or crib, $700; on horses, mules, and colts, $500, and $150 on cattle.

It was also alleged in the complaint that on the 21st day of September, 1887, by written agreement indorsed on the face of the policy, fifty dollars of the amount placed on the barn was transferred to straw and corn fodder in the barn; that on the 13th day of November, 1889, his said barn, together with a quantity of hay, straw, oats, corn, corn fodder, farming utensils, wagons, buggies, and harness, being then in said barn, were consumed and destroyed by fire, specifically setting forth the value of each of the articles destroyed.

To the complaint the defendant filed a special answer, in two paragraphs, and the plaintiff filed a reply in four paragraphs, the first of which was a general denial, and the second, third and fourth setting up special matter in avoidance, and all of said paragraphs, except the fourth, were verified.

The sufficiency of neither the complaint nor the answers was tested by demurrer. Demurrers were filed to the second, third, and fourth paragraphs of the reply, which were sustained as to the second and fourth paragraphs, and overruled as to the third, and defendant excepted to the latter ruling. The plaintiff then withdrew the first paragraph of his reply. There was a trial by the court and a finding for the plaintiff.

The only error assigned by the appellant is the ruling of the court below on the demurrer to the third paragraph of the reply.

The appellee has assigned cross-errors, calling in question the ruling of the court in sustaining the demurrers to the second and fourth paragraphs of the reply.

It is contended by appellant's counsel that the facts contained in the third paragraph of the reply are not sufficient to avoid the second paragraph of the answer.

The defense set up in the second paragraph of the answer is based upon the following clause contained in the policy of insurance, viz:

"If the property shall hereafter become mortgaged or incumbered, or upon the commencement of foreclosure proceedings, or in case any change shall take place in the title, possession or interest of the assured in the above mentioned property, or if the assured shall not be the sole and unconditional owner in fee of said property, or if the policy shall be assigned, or if the risk be increased in any manner, except by the erection and use of ordinary out-buildings, without consent indorsed hereon, then in each and every one of the above cases, this policy shall be null and void."

The answer contains allegations that after the issuing of the policy of insurance to the plaintiff, to wit, September 8, 1888, he incumbered, by mortgage, the real estate upon which said barn was situate, and of which said barn was a part, and also mortgaged a part of the personal property, a part of which was a part of the personal property destroyed by fire, as alleged in the complaint.

The defendant also alleges in this answer that the policy of insurance sued on "was issued by defendant upon the written and printed application of plaintiff, which is herewith filed and attached hereto."

The application referred to is not filed as an exhibit, nor copied into the record, and does not appear in any manner as a part of the answer.

It is averred, in the third paragraph of reply, that one Daniel Bromfield was the agent of the defendant, and represented it in taking the application for the policy sued on; that the plaintiff could neither read nor write the English language, and so informed said agent. He also informed him that there existed a school fund mortgage,

which he intended to renew, on the real estate upon which the buildings and personal property insured were situate; and that he had other debts which he intended securing by a mortgage on said property; that he had his property then insured in the Hartford Insurance Company for twenty-two hundred dollars; that said agent represented to plaintiff that the policy of insurance which he then held in the Hartford Insurance Company was no protection to him in case his property was destroyed by fire, and that the company would not pay the loss because the policy contained a clause forbidding him from mortgaging his property, but that if plaintiff would cancel that policy of insurance and make application to defendant, setting out the fact that he desired to mortgage his property, it would issue him a policy which would permit him to incumber his property with the mortgage mentioned in the answer; that "thereupon the said Bromfield, as the agent of the defendant, pretended to fill out and make the application for the policy of insurance in suit in accordance with his promises and representations aforesaid, and pretended then and there to have so filled up and written said statement, and procured said plaintiff to sign the same, and that thereupon the said Bromfield took the same away with him, and this plaintiff has never since seen said application;" that shortly afterwards he received, through the mail, the policy in suit, and accepted the same, relying upon the terms of the agreement, permitting him to incumber said property as he explained to defendant's agent.

It is further averred that if defendant's agent presented defendant with an application which omitted said statement of plaintiff that he intended to mortgage said property, and that his application was based upon the defendant's permission so to do without avoiding the policy, it was not executed by him.

There are other allegations contained in the reply which it is unnecessary to set out here.

Ordinarily, the law guards jealously the rights of all parties to a contract, and enforces strictly the conditions thereof, provided such enforcement does not abrogate the purpose and intent of the parties as shown by the contract itself. And it is equally well settled that conditions which work a forfeiture of the contract, and especially such as enforce the contract as to one party and avoid it as to the other, are not favored in law, and will be construed with the greatest strictness against the party seeking the forfeiture. Of this class are policies of insurance, of which, after a compliance on the part of the insured and the sustaining of a loss, the insurer seeks a forfeiture.

In the case of *Continental Ins. Co.* v. *Vanlue,* 126 Ind. 410 (415), the court says: "Provisions intended to create a forfeiture, wherever found, are strictly construed in order to avert a forfeiture; but such provisions are restricted, with especial care and strictness, in contracts of insurance, the courts, with an almost unanimous voice, deciding that such contracts, because of their peculiar character, shall be strictly and rigidly construed against the insurance company wherever a strict construction is necessary to prevent the forfeiture of the policy."

The reason for the exception which establishes this rule with reference to insurance policies, is because the enforcement of such contracts do not take place until the happening of an event which creates the liability on the part of the insurer, and, by the happening of that event, the assured is placed beyond all power to take advantage of his position to protect himself. When the insurer seeks a forfeiture before the assured has suffered loss for which the policy was issued as an indemnity, the rule relaxes, and is not subject to such strict enforcement, but

when an insurer accepts the premium from the assured, indemnifying him against loss, and after loss has been sustained, and the assured seeks to enforce the obligation of indemnity, the strictness of the rule applies that no condition of forfeiture contained in the policy should be enforced except a fraud has been perpetrated on the insurer by the assured, or where the failure to do so would jeopardize the safety of the general public.

If at the time a policy of insurance is contracted, circumstances or conditions existed, which were in conflict with the conditions of the policy, and the insurer or its agent knew of their existence and agreed that as to them the conditions of the policy should not be effective, the insurer can not take advantage of their existence to defeat a recovery after a loss has occurred. If the rule were otherwise it would enable the insurer to violate his contract, although not contained in the policy of insurance, and thus perpetrate a fraud upon the assured.

It is settled that courts will not make contracts for parties, but it is equally well settled that in their enforcement the court will see that a fraud is not perpetrated by one of the parties upon the other.

In this case there is no contention that Bromfield was not the agent of the appellant, or that he had no authority to make a contract binding upon it, hence we must assume that he was such an agent as had authority to make any contract not in direct conflict with the charter under which it was doing business.

Where an agent acting within the general scope of his authority undertakes to make out an application for insurance and fails to state therein such facts and circumstances as the applicant directs, which, if stated therein, would affect the rights of the assured under the policy issued thereon, such omissions must be imputed to the

company and not to the assured.  *Pickel* v. *Phenix Ins. Co.*, 119 Ind. 291; *Phenix Ins. Co.* v. *Stark*, 120 Ind. 444.

And it seems to be unquestioned that notwithstanding conditions in the policy, if after the insurance was effected, there existed conditions, uses, or incidents of the risk which were in conflict with the conditions in the policy, and which were known to the insurer, or its agent, whose knowledge is imputable to the company, such conditions, uses, or incidents can not be used to defeat a recovery after a loss has occurred.  *Havens* v. *Home Ins. Co.*, 111 Ind. 90.

It is the contention of appellant that—under the clause in the policy sued on, which provides that "no agent or employe of this company, or any other person or persons have power or authority to waive or alter any of the terms or conditions of this policy, except the general agent at Chicago, Illinois, and any waiver or alteration by him must be done in writing,"—there could be no waiver of any of the conditions of the policy by the agent Bromfield.

If counsel's position were admitted to be true, we are still unable to see how it applies to this case.  There is no contention that after the issuing of this policy an agent of the company undertook to waive any of the conditions contained therein, but the reply is that the application, which preceded the issuing of the policy and was the basis upon which it was issued, contained the terms upon which the appellee wanted insurance. The application was a part of the contract, and if the appellee stated therein that he applied for insurance upon certain conditions which in themselves were in direct conflict with the conditions of the policy issued under and pursuant to the application, it must be assumed that such conditions in the policy were waived by the company when it issued the policy.

The Phenix Insurance Company of Brooklyn, New York, *v.* Lorenz.

It is alleged, in the second paragraph of the answer, that the policy sued on "was issued by defendant upon the written and printed application of plaintiff," but it contains no allegation as to what were the terms and conditions contained in the application. The application for insurance is a part of the contract, and must be construed in conjunction with the policy to determine the rights of the parties thereunder.

The defendant in this answer alleges the application to be the basis of the policy, and endeavors to set out that the policy sued on does not contain the entire contract, but does not give the remainder of the contract, which it seeks to import into the contract sued on, as a defense to this action. The reply, however, although not as clear as it might be, avers that the application contained a stipulation that the policy was to be issued permitting plaintiff to encumber his property.

The facts stated in the reply were in avoidance and were sufficient to show that the appellant, by its acceptance of, and issuing of, the policy upon the written application containing a limitation of the conditions of forfeiture, waived all right to their enforcement, except as modified by such limitation. It was not necessary for the plaintiff to anticipate, in his complaint, the defenses which the defendant might avail itself of in its answers, but, if he could plead matters which would avoid such defenses, they were proper in the form of a reply. Without passing upon the sufficiency of the answer, we think the reply good as avoiding the defense set up in the answer, in any event.

There is no necessity in this case warranting us in considering the cross-errors assigned.

Judgment affirmed.

Filed March 4, 1893.

The Phenix Insurance Company of Brooklyn, New York, *v.* Lorenz.

## DISSENTING OPINION.

GAVIN, J., dissenting: I am of opinion that it was incumbent upon appellee to seek a reformation before he could obtain an affirmative benefit from a provision as to an act to be done in the future, which should have been but was not inserted in his contract.

REINHARD, C. J., concurs with GAVIN, J.

Filed March 4, 1893.

## ON PETITION FOR A REHEARING.

ROSS, J.—In a very earnest and forcible petition the appellant insists that the court erred in holding the third paragraph of the reply to be sufficient.

The first contention is that although the record does not show the written application to have been filed as a part of the second paragraph of the answer, it should nevertheless have been so considered, for the reason that, as counsel insist, it was in fact so filed, and if the record is not correct in that respect it was the fault of the clerk who made the transcript.

In support of this contention, the original answer has been certified to this court.

This court accepts and passes upon the record as certified by the clerk of the court below, and if it is incomplete or incorrect it is the fault of the parties to the record. It is their duty to see that the transcript of the record when it comes to this court is full, true and complete.

An instrument properly referred to and filed with a pleading as an exhibit may serve as such for several paragraphs, and it is not necessary that it be copied into each paragraph nor that a separate exhibit be filed with each; but it must be filed as an exhibit, and must be

properly referred to in each paragraph to make it a part thereof. The record in this case contains no exhibit and the second paragraph of the answer does not properly refer to any.

Having passed upon the record as it came to us, we can not now permit it to be amended.

While the application, upon which the policy sued on was issued, is a part of the contract between the parties, it has been repeatedly held that in an action on the policy, to recover for a loss thereunder, it is not necessary to file with the complaint a copy of such application. *Continental Life Ins. Co.* v. *Kessler*, 84 Ind. 310, and cases cited, and *Penn Mutual Life Ins. Co.* v. *Wiler*, 100 Ind. 92.

The application is the proposition of the insured, and the policy its acceptance by the insurer, and while it is not necessary, in an action on the policy, to make the application an exhibit to the complaint, if the insurer seeks by answer to show that certain conditions contained in the policy have been violated by the insured, the insured may reply a waiver of the condition by the insurer, either at the time of the issuing of the policy or subsequent thereto.

In the case of *Pickel* v. *Phenix Ins. Co.*, 119 Ind. 291, which was an action on a policy to recover for a loss, the appellee answered that the policy was issued upon a written application in which the appellant represented "that there was only an encumbrance of $1,000 on the land," upon which the house insured was situate, when in fact there was a mortgage thereon of $2,200, for which reason a forfeiture was asked.

In another paragraph, it was averred that the policy contained a condition that if the property insured should become mortgaged or encumbered during the existence of the policy, it should become void; that during the ex-

istence of the policy the insured had mortgaged it, etc. To this answer, however, a demurrer was sustained.

The insured replied that he had made a written application in which certain questions were unanswered, but that he had informed the agent of the company who wrote out the application that his property was encumbered for $2,200, but the agent said it was not necessary to make that statement; it was also alleged that the application had been altered after he signed it, etc.

The court, in passing upon the sufficiency of this reply, says: "An agent, authorized to take applications for insurance, should be deemed to be acting within the scope of his authority where he fills up the blank application of insurance; and if, by his fault or negligence, it contains a misstatement not authorized by the instructions of the party who signed it, the wrong should be imputed to the company, and not to the assured."

In the reply under consideration, it is averred that the appellee directed the appellant's agent what to insert in the application with reference to the privilege of encumbering the property insured, and the agent pretended so to make the application, and he represented to the appellee that with those facts in the application the company's policy would permit him to encumber his property as he desired. The insured was a German, unable to read and write the English language, and, upon such representations of said agent, accepted the policy of insurance.

Under such a state of facts this court can not lend its aid to assist the appellant in furthering the fraud already practiced upon the appellee. But it is said the application does not contain the statements alleged in the reply, and if it is not as it should have been it should first be reformed. If the application was made to speak falsely

by the agent of the appellant, it is not necessary that it be reformed before the appellee sue on the policy.

As COFFEY, J., in *Phenix Ins. Co.* v. *Stark*, 120 Ind. 444, says: "It can not be successfully maintained that a party should be required to prosecute a suit to reform an instrument of writing which was not under his control and which he never executed." See, also, *Phenix Ins. Co.* v. *Allen*, 109 Ind. 273.

If a clause or condition in an application for insurance is so inconsistent with a clause or condition in the policy issued thereon that both can not stand together, and especially if in the application is one upon which the issuing of the policy depends, it must of necessity control.

In this case, the appellant induced the appellee, if the facts alleged in the reply are true, to accept a policy containing a forfeiture clause which is inconsistent with the terms and conditions of the application, representing that the application was made out as he requested, and that, therefore, the policy granted him the privilege of incumbering his property. These representations, as shown by the reply, induced the appellee to cancel a policy of insurance which he then had in another company, and to take insurance, instead, in appellant's company.

We think the reply sufficient as a reply to that answer, not considering, however, the sufficiency of the answer itself.

Petition overruled.

GAVIN, C. J., and REINHARD, J., are of the opinion that the petition should be granted.

Filed June 24, 1893.