Dissenting Opinion.
Davis, J.
I am not prepared to agree with the majority of the court on the question of pleading in this case. It appears, in the principal opinion, that the complaint shows that after the loss occurred, appellant denied liability on the ground that the buildings were vacant at the time of the fire. In my judgment the averments in relation to the mutual mistake of the parties as to the terms and -conditions which entered into the policy in reference to the vacancy of the buildings, were sufficient to authorize the reformation of the contract, if necessary.
The fact, if true, that the buildings were vacant and *88 unoccupied at the time of the loss, was a matter of defense.
In the language of Judge Ross, in a recent decision: “It was not necessary for the plaintiff to anticipate, in his complaint, the defenses which the defendant might avail itself of in its answers, but, if he could plead matters which would avoid such defenses, they were proper in the form of a reply.” Phenix Ins. Co. v. Lorenz, 7 Ind. App. 266.
Whether such defense is based on .a stipulation in the policy or application, the rule, in my opinion, is the same, so far as the question of pleading is concerned.
Neither do I concur in the conclusion that if the rule, as set out in the reply, under the circumstances therein alleged, entered into the contract, was without effect, unless the consent of the company to the vacancy for thirty days or less was indorsed on the policy. If the evidence fairly tends to prove the facts and circumstances alleged in the reply, this, in my judgment, was sufficient on this branch of the case.
In other words, the theory of the appellee, as disclosed by the complaint, and also the reply, is that it was mutually understood and agreed by the parties that the stipulation in the policy in relation to the vacancy of the buildings without the consent of the company indorsed thereon, should be stricken out, and the new rule referred to, allowing such vacancy for thirty days without the consent of the company indorsed thereon, should be inserted in the policy in lieu of such stipulation. If, by mutual mistake, this change was not made, the vacancy of the buildings for less than thirty days without consent of the company indorsed on the policy did not defeat appellees,, right to recover.
In the complaint, as it stood when decided by the Supreme Court on the former appeal, the theory seems to *89 have been that the new rule and, the stipulation in the printed policy, or a part of it, both entered into the contract, and should be construed together.
Tiled Nov. 16,1894.