**RIVERSIDE BUILDING SUPPLY, INC., Appellant,**

v.

**FEDERAL EMERGENCY MANAGEMENT AGENCY, Appellee.**

**No. 82–1656.**

United States Court of Appeals, Fourth Circuit.

Argued Feb. 8, 1983.

Decided Dec. 30, 1983.

W. Thomas White, Mount Airy, N.C., for appellant.

Susan Kantor Bank, Washington, D.C. (Kenneth W. McAllister and Benjamin H. White, Jr., Greensboro, N.C., on brief), for appellee.

Before MURNAGHAN and ERVIN, Circuit Judges, and FAIRCHILD,* Senior Circuit Judge.

FAIRCHILD, Senior Circuit Judge.

Plaintiff brought action to recover on a policy of flood insurance issued as of February 24, 1980 by the Federal Insurance Administrator pursuant to the National Flood Insurance Act of 1968, as amended.

During the policy period, a flood caused damage to plaintiff's inventory of building supplies, located in what has been described as an "Umbrella Building." The building has no walls and consists of a roof supported by ten columns. Payment was refused on the ground that there is no authority to insure as "contents" goods not located in an enclosed building.

The district court agreed that there was no coverage and granted judgment for defendant. Plaintiff appealed. We affirm.

The National Flood Insurance Program was established by 42 U.S.C. § 4001 et seq. and originally operated as an insurance industry program with federal financial assistance. Beginning January 1, 1978, the Department of Housing and Urban Development became the insurer, and as of April 1, 1979 the operation of the program was transferred to defendant Federal Emergency Management Agency. 44 C.F.R. 19367.

A controlling regulation provides:

The standard flood insurance policy is authorized only under terms and conditions established by Federal statute, the Program's regulations, the Administrator's interpretations and the express terms of the policy itself. Accordingly, representations regarding the extent and scope of coverage which are not consistent with the National Flood Insurance Act of 1968, as amended, or the Program's regulations, are void....

The printed form of policy, in a portion entitled "PROPERTY COVERED," contemplates coverage of a "Building" (Part A) or "Contents" (Part B). It is expressly provided that "Contents" are covered "while within the described enclosed building."

Under "building" the definitional section of the regulations, 44 C.F.R. § 59.1, says "see 'structure'." It defines " 'structure' for insurance coverage purposes [as] a walled and roofed building." The section also defines "contents coverage [as] the insurance on personal property within an enclosed structure."

█ We think it follows that insurance of plaintiff's building supplies in the Umbrella Building was not authorized.

In certain circumstances courts have applied equitable estoppel to preclude the government from relying on a correct but technical interpretation of a regulation where the person dealing with the government has reasonably relied on a government agent's erroneous representation. See Portmann v. United States, 674 F.2d 1155 (7th Cir.1982). Plaintiff does not, however, claim equitable estoppel. Indeed it might be difficult to establish that plaintiff could have obtained the insurance from a private source. See Portmann, 674 F.2d at 1162–63.

What plaintiff has claimed is an ambiguity on the face of the policy which should be interpreted in plaintiff's favor.

In the issuance of the Standard Policy, the insured's Application and Declarations Form becomes a part of the policy. The form contains a box for "Description and Location of Property Covered." In this case, plaintiff's agent had typed the address, followed by "(Umbrella Building)" in the space provided for location. Other typewritten insertions indicated that the coverage is "On Contents consisting princi-

---

* Honorable Thomas E. Fairchild, Senior Circuit Judge for the Seventh Circuit Court of Appeals, sitting by designation.

pally of *Building Supplies in* the Enclosed Building Described Above/X/or Located at *within 100 ft. above bldg.*" (Typewritten insertions are in italics.)

Plaintiff points to Webster's Third New International Dictionary (1961) which defines "umbrella" used as an adjective: "1: of, relating to, or having the characteristics of an umbrella ... 3: having a roof supported on a single post (a series of [umbrella] sheds on a train platform)." *Id.* at 2481. *See* 11 Oxford English Dictionary (1933) ("6. A structure resembling in shape an outspread umbrella.... B. Langley *Anc. Archit. Restored* Plate xxxi, The work contains several designs for Umbrellas, by which term the author indicates a roofed structure with open sides.").

Plaintiff contends that the conflict on the face of the policy between the references to an unwalled "umbrella building" and to a walled "enclosed building" requires resolution in favor of the insured. This argument relies upon two widely recognized rules for construing insurance policies. (1) The typewritten portions prevail if in conflict with the printed ones. (2) Ambiguities are construed most strongly against the insurer.

Defendant argues that these rules do not apply here because plaintiff or its agent created the ambiguity by filling in the description of the building. Concededly the term "(Umbrella Building)" was inserted by plaintiff or its agent, and there is no claim that the unwalled nature of the structure was otherwise made known to any agent of the government.

█ The general practice of construing ambiguities in insurance contracts most favorably to the insured is partly a particular application of the broader principle of construing an ambiguity against its author. The practice loses this part of its rationale when an insured drafts the ambiguous clause. *Eastern Associated Coal Corp. v. Aetna Casualty & Surety Co.,* 632 F.2d 1068, 1075 (3rd Cir.1980), *cert. denied,* 451 U.S. 986, 101 S.Ct. 2320, 68 L.Ed.2d 843 (1981); *Eagle Leasing Corp. v. Hartford Fire Ins. Co.,* 540 F.2d 1257, 1261 (5th Cir. 1976), *cert. denied,* 431 U.S. 967, 97 S.Ct.

2926, 53 L.Ed.2d 1063 (1977); *United States Shipping Board Merchant Fleet Corp. ex rel. United States v. Aetna Casualty & Surety Co.,* 98 F.2d 238, 241 (D.C.Cir.1938). (In the cases just cited the insureds were of sufficient size to protect themselves.) But the soundest basis for the practice of construction against the insurer remains: Courts must interpret an ambiguity in light of the purpose of the contract, to give protection. 1 G. Couch on Insurance 2d § 15:80 at 815 (1959). *See Rosen v. Godson,* 422 F.2d 1082, 1084 (5th Cir.1970); *Continental Casualty Co. v. Beelar,* 405 F.2d 377, 378 (D.C.Cir.1968); *Kievit v. Loyal Protective Life Insurance Co.,* 34 N.J. 475, 170 A.2d 22, 30 (1961); *Phenix Insurance Co. v. Lorenz,* 7 Ind.App. 266, 272–74, 33 N.E. 444, 445 (1893). There appears to be some conflict concerning the application of the rule to the description of the property covered. *See* 1 G. Couch on Insurance 2d § 15:87 at 831 (1959).

It has been held that typewritten portions of a contract will prevail if in conflict with printed portions because they reflect more exactly and immediately the considered agreement of the parties and thus reveal the purpose for the contract. *See Broderick Wood Products Co. v. United States,* 195 F.2d 433, 438 (10th Cir.1952); *Aetna Insurance Co. v. Labor,* 85 S.D. 192, 179 N.W.2d 271, 273 (1970).

We might well agree with plaintiff's construction of the policy if the insurer were not the government, limited by law in its authority to insure. Here, however, we think that the limitations on the authority of defendant must control. *Federal Crop Ins. Corp. v. Merrill,* 332 U.S. 380, 384, 68 S.Ct. 1, 3, 92 L.Ed. 10 (1947).

The judgment is AFFIRMED.