DOMESTIC SEWING-MACHINE COMPANY *vs.* ANTON ANDERSON.

June 14, 1876.

**Evidence—Rule where Part only of a Transaction is Put in Writing.**—The rule forbidding the use of parol evidence to affect a written instrument does not apply to a case in which a part only of the dealings between parties in respect to a particular subject-matter is reduced to writing, except as respects such part.

**Same—Agreement by Vendee to Pay for Future Use of Thing Sold.**—In case of an absolute sale and delivery of personal property, an agreement by the purchaser to pay the vendor for the future use of the same, or to deliver it

up to him on demand, is repugnant to the contract of sale, and is void. The receipt of the property by the purchaser furnishes no valid consideration for such agreement.

Replevin for a sewing-machine and attachments. Answer, alleging property in defendant. Trial in the municipal court of the city of St. Paul, before *Flint*, J., who found as facts that, on August 11, 1873, one J. H. Mahler, plaintiff's agent, called at defendant's house, in St. Paul, and sold and delivered to him the machine and attachments described in the complaint, for $75; that defendant then paid to him $50 of the purchase-money, and it was agreed that the remainder should be paid in monthly instalments of $5 each; that defendant afterwards paid the remainder of the purchase-money, except the sum of $5, which was due and unpaid on April 27, 1875, when this action was commenced.

The court further found that, on August 13, 1875—two days after the sale and delivery of the machine—Mahler, as plaintiff's agent, obtained from defendant his signature to the receipt or lease set out in the opinion, which was prepared by plaintiff's general agent; that the defendant, a Norwegian by birth, had but slight knowledge of the English language; that the receipt or lease was not read by or to him before he signed it, nor was he furnished with any copy of it, nor did he have any knowledge of its contents till this action was brought.

As conclusions of law, the court found that the receipt or lease was void, and that defendant was the owner of the property replevied, and entitled to judgment of return, etc. Judgment was accordingly entered for defendant, and the plaintiff appealed.

At the trial the evidence introduced by the plaintiff tended to prove that the bargain for the machine was made in the morning of August 13th, and that the machine was delivered in the afternoon of that day, and the receipt or lease signed when the machine was delivered; while the

defendant's evidence tended to prove that the facts were as found by the court. The defendant introduced parol evidence tending to prove the making of an oral agreement for the purchase of the machine—being the same agreement found by the court to have been made—two days before the execution of the receipt or lease, to the admission of which evidence the plaintiff objected and excepted.

*O'Brien* and *Eller*, for appellant.

*Chas. S. Bryant* and *Wm. J. Parsons*, for respondent.

BERRY, J. Plaintiff delivered to defendant a sewing-machine, and, at the time of the delivery, defendant executed and delivered to plaintiff the following instrument, viz. :

$75.                                          *St. Paul, Aug. 13, 1873.*

Received of the Domestic Sewing-Machine Co., one domestic sewing-machine, style H. C., plate No. 96,853, with the following parts, viz. : 1 hemmer, 1 quilting gauge, 1 braider, 1 thumb-screw and gauge, 1 doz. needles, 6 bobbins, 1 wrench, 1 screw-driver, 1 oiler, 1 bottle oil, and one book of instructions, to be returned to them on demand; and until such demand I agree to pay for the use of them forty-five dollars in hand, and five dollars per month for the next seven months if I shall keep the same so long, payable on the thirteenth of each month, at their office, 264 Third street; and agree to take good care of the same while in my possession, and not remove it from my residence, No. —— corner Broadway and Mt. Airy, without their written consent.

[Signed]                                          ANTON ANDERSON.

The defendant having refused to deliver to plaintiff, upon demand, the sewing-machine and other articles, plaintiff brought the present action to recover the possession or value of the same.

The plaintiff claimed that the instrument contained the contract between the parties in relation to the sewing-machine and other articles, and that it was, therefore, the

exclusive evidence of their rights as respected the same. The defendant claimed that the instrument and the contract evidenced by it was only one of two transactions between the parties, by which their rights as respected the machine and other articles were determined. For the purpose of showing what the other transaction was, so far as material in the case, the plaintiff was permitted to introduce oral evidence. This was not an infringement of the rule which forbids the use of parol evidence to affect a written instrument. That rule does not apply to a case in which a part only of the dealings between parties in respect to a particular subject-matter is reduced to writing, except as respects such part. 1 Greenl. Ev. § 284.

The evidence thus introduced tended to show an absolute sale, and a delivery of the machine and other articles, by the plaintiff to the defendant, and such sale and delivery were accordingly found by the court below to have been made. The absolute sale and delivery of course invested the defendant with the absolute and general ownership and property of the machine and other articles. The instrument above recited was, therefore, not only repugnant to the contract of absolute sale, and therefore void, but was, so far as appears, without consideration. The receipt of one's own property from a person having no right to the possession of it cannot be a valid consideration for an agreement to pay for the future use of the property, or to deliver it up to such person upon demand. For these reasons we are of opinion that the general result arrived at by the court below was correct.

Judgment affirmed.

Note.—The ruling in the foregoing case was followed in *Charles F. Anderson* v. *Domestic Sewing-Machine Co.*, decided at the same time.