(Opinion published 55 N. W. Rep. 863.)

---

PHOENIX PUBLISHING Co. *vs.* RIVERSIDE CLOTHING Co.

Submitted on briefs July 11, 1893. Affirmed July 14, 1893.

**Oral Evidence to Prove an Agreement Collateral to the One in Writing.**

> It is competent to prove by parol the existence of any separate oral agreement as to any matter as to which a written instrument is silent, and which is not inconsistent with its terms, when it is apparent that the parties did not intend the writing to be a complete and final statement of the whole transaction between them.

Appeal by plaintiff, the Phoenix Publishing Company, from a judgment of the Municipal Court of the City of Minneapolis, *C. B. Elliott*, J., entered March 21, 1893, that it take nothing by this action.

The defendant, the Riverside Clothing Company, gave plaintiff an order of which the following is a copy:

"$10.                     MINNEAPOLIS, MINN., June 16th, 1892.

"*To The Phoenix Publishing Co.*

"You are hereby authorized to deliver twelve copies of Pen and Sunlight Sketches of Minneapolis, containing also views of the World's Columbian Exposition, bound in illuminated pamphlet covers, for which we will pay you or order the sum of ten dollars upon delivery of the same.    An editorial review of our business to appear in the publication.

                              "RIVERSIDE CLOTHING Co."

It refused to pay the ten dollars.    It alleged that the particular inducement for it to give the order was an oral agreement made by plaintiff with it at the same time that none of its competitors in the neighborhood of its place of business on Cedar Avenue, should be given any advertising space in the pamphlets.    That plaintiff violated this oral agreement and inserted the advertisement of Rood & Erickson, its competitors on that street.    On the trial the court received evidence of this oral agreement, although plaintiff duly objected.    Defendant had judgment.

*W. A. McDowell,* for appellant.

*Peterson & Kalliner,* for respondent.

MITCHELL, J.    The rule forbidding the use of parol evidence to affect a written instrument does not apply to a case where a part only of the dealings between the parties in respect to a particular subject-matter is reduced to writing, except as respects such part. It is always competent to prove by parol the existence of any separate oral agreement as to any matter on which the document is silent, and which is not inconsistent with its terms, if, from the circumstances of the case, the court infers that the parties did not intend the document to be a complete and final statement of the whole of the transaction between them.    1 Greenl. Ev. § 284a;

Steph. Dig. Ev. art. 90; *Domestic Sewing-Mach. Co.* v. *Anderson,* 23 Minn. 57; *Boynton Furnace Co.* v. *Clark,* 42 Minn. 335, (44 N. W. Rep. 121;) *Beyerstedt* v. *Winona Mill Co.,* 49 Minn. 1, (51 N. W. Rep. 619;) *Routledge* v. *Worthington Co.,* 119 N. Y. 592, (23 N. E. Rep. 111.) This rule, which is elementary, disposes of the only point in the case. The order given by defendant ·did not purport to be a full and final statement of the whole transaction between the parties. In fact, in and of itself it was not a contract at all. No obligation was assumed or agreement expressed in it on the part of the plaintiff. Parol evidence would have to be resorted to at the very outset to prove a contract. Of course, when the order was accepted, there was a binding contract, and, in so far as its terms were expressed in the order, they could not be varied or contradicted by parol. But, even after acceptance, the order would not purport to be a complete statement of the whole contract. Parol evidence would still have to be resorted to to show what these proposed "sketches" were to be, and it was entirely competent to prove the existence of any oral agreement as to what they should be or contain as to any matter as to which the order was silent, and which was not inconsistent with its terms. Such, we think, was the agreement that defendant should be the only one in the same line of business in that neighborhood whose advertisements should be given space in the proposed publication.

Judgment affirmed.

NOTE. See *Burke* v. *Dulaney,* 153 U. S. 228. [Reporter.

(Opinion published 55 N. W. Rep. 912.)