## MORAN v. WILSON.

[No. 11,194. Filed February 3, 1922.]

1. PLEADING.—*Reply.*—*Departure.*—*Action to Recover Possession of Real Estate.*—In an action to recover possession of real estate, where the complaint alleged a lease of lands for one year, and that the tenancy expired on a specified date, and defendant by answer set up a written lease which contained nothing as to the extent or duration of the tenancy, a reply, admitting the written lease and averring that at the time of the execution thereof it was agreed that the tenancy should be for one year only, but that provision was omitted from the lease by mutual mistake, and asking for reformation, was not demurrable on the ground that it set up new matter inconsistent with the complaint. p. 555.

2. APPEAL.—*Review.*—*Harmless Error.*—*Reply.*—*Good Averments Sufficient to Meet Answer.*—In an action to recover possession of real estate, where the complaint alleged a lease of lands for one year, and that the tenancy expired on a specified date, and defendant by answer set up a written lease which

contained nothing as to the extent or duration of the tenancy, a reply that at the time of the execution of the lease it was agreed that the tenancy should be for one year only, but that such provision was omitted from the lease, and asking for reformation, was sufficient to meet the averments of the answer without the prayer for reformation, and error, if any, in overruling a demurrer to such reply on the ground that it set up new matter inconsistent with the complaint in asking reformation of the written contract, was, therefore harmless. p. 555.

3. EVIDENCE.—*Written Lease.—Omission of Duration of Tenancy by Mistake.—Proof by Parol.*—Where a written lease of realty was complete, except that it contained no provision as to the duration of the tenancy, parol evidence, in an action by the lessor for possession, was admissible to complete the contract by showing the agreement of the parties as to the time of the termination of the lease, and to show that the omission fixing the term of the tenancy was the result of a mutual mistake of the parties. p. 557.

4. APPEAL.—*Briefs.—Questions Presented.—Failure to Show Filing of Bill of Exceptions.*—Where appellant by his motion for new trial attempts to present questions as to the evidence, but his brief fails to show the filing of a bill of exceptions containing the evidence, such questions are not presented for review on appeal. p. 557.

From Morgan Circuit Court; *Alfred M. Bain,* Judge.

Action by William W. Wilson against Cecil Moran. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Will H. Pigg,* for appellant.

*Homer Elliott,* for appellee.

NICHOLS, J.—Action by appellee against appellant to recover possession of real estate and damages for holding over.

The complaint was in one paragraph alleging a lease of lands for one year, describing them, and that the tenancy expired March 1, 1921, and that the tenant's holding over thereafter was unlawful. There was a prayer for judgment for possession and $50 damages.

Appellant answered in two paragraphs, the first a general denial, the second averring a written contract

or lease which contained nothing as to the extent or duration of the tenancy, and further averring that no ninety-days' notice was served on the tenant to terminate the tenancy on March 1, 1921, being the end of the year, and that therefore his holding possession was lawful. Appellee replied in two paragraphs, the first a general denial, and the second admitting the written lease and averring that at the time it was agreed that it should be for one year only, but by mutual mistake, oversight and inadvertence, the provision for the term of the tenancy was omitted, and that prior to March 1, 1921, appellant had promised to surrender possession on March 1, 1921. Appellee asked the reformation of the written contract by so providing for its expiration March 1, 1921, and that he have judgment for possession and damages as prayed in his complaint. A demurrer to this second paragraph of reply was overruled, after which there was a trial which resulted in a finding and judgment in favor of appellee reforming his contract by inserting therein the words "for a period of one year from this date," for possession of the real estate involved, and for damages in the sum of $1. From this judgment, after motion for a new trial was overruled, this appeal is prosecuted, appellant assigning as error the action of the court in overruling his demurrer to the second paragraph of reply and in overruling his motion for a new trial.

Appellant, in discussing the action of the court in overruling his demurrer to the second paragraph of reply, earnestly contends that such second paragraph of reply sets up new matter inconsistent with appellee's complaint, in asking to reform a written contract and then to recover thereon, and contends that it constitutes a departure in pleading. Appellant's confusion seems to grow out of his assumption that appellee's action is for breach of a contract of ten-

ancy, a lease, which he seeks to reform in his reply, and then to recover on it as reformed, whereas, the action is for possession of real estate which, after the expiration of the tenancy, appellant is unlawfully holding. Appellant, to meet the averments of the complaint, sets out the purported lease and thereby undertakes to show that the time of the tenancy is indefinite, and that therefore it is a tenancy from year to year, and that no notice to vacate was served on him as required by statute. To meet this answer, appellee replies that the purported lease as written was not the contract of the parties, that a mutual mistake was made in failing to insert the agreed time of expiration of the tenancy, and prays a reformation of the lease in this regard. Whether appellee was entitled to a reformation of the lease as prayed in his reply we do not need for the purposes of this decision to decide, but see *Cox* v. *Aetna Ins. Co.* (1868), 29 Ind. 586. As we view the case, such error if any was harmless. The reply was sufficient to meet the averments of the answer without its prayer for reformation. The rule that must govern in this case is stated in 6 Ency. Pleading & Practice 465, as follows: "Such subsequent pleading may introduce new matter which is not inconsistent with the original cause of action, but which explains and supports it, and controverts or avoids new matter set up by way of defense." Numerous authorities are cited to sustain the principle, including *Palmer* v. *Hayes* (1887), 112 Ind. 289, 13 N. E. 882; *Aetna Life Ins. Co.* v. *Nexsen* (1881), 84 Ind. 347, 43 Am. Rep. 91; *Brown* v. *Indianapolis First National Bank* (1888), 115 Ind. 572, 18 N. E. 56; *Rosby* v. *St. Paul, etc., R. Co.* (1887), 37 Minn. 171, 33 N. W. 698; *Phoenix Ins. Co.* v. *Lorenz* (1893), 7 Ind. App. 266, 33 N. E. 444, 34 N. E. 495; *Real Estate Bank* v. *Hartfield* (1843), 5 Ark. 551; *Lamme* v. *Dodson* (1883), 4 Mont. 560, 2 Pac. 298; *Anderson* v. *Imhoff*

(1892), 34 Neb. 335, 51 N. W. 854; *Hoover* v. *Missouri Pac. R. Co.* (1891), (Mo.) 16 S. W. 480.

It will be observed that the written contract which is set out in appellant's answer is silent as to the extent or duration of the tenancy. The issue here to be tried was the right to the possession of the real estate involved, and the contract between the parties can only be said to be collateral to the real issue. The contract was complete except as to the termination of the tenancy, and upon this it is silent. It has been repeatedly held that where a contract on its face appears to be incomplete parol evidence which does not in any degree tend to contradict or vary its terms may be heard for the purpose of completing the contract. *Kieth* v. *Kerr* (1861), 17 Ind. 284; *Montelius* v. *Atherton* (1882), 6 Colo. 224; *West, etc.* v. *Kelley's Exrs.* (1851), 19 Ala. 353, 54 Am. Dec. 192; *Creamer* v. *Stephenson* (1859), 15 Md. 211; *Domestic Sewing-Machine Co.* v. *Anderson* (1876), 23 Minn. 57; *Phoenix Pub. Co.* v. *Riverside Clothing Co.* (1893), 54 Minn. 205, 55 N. W. 912. Following this principle it is clear that appellee could by his averments in reply, and by proof, establish the agreement of the parties as to the time of the termination of the lease. Certainly this must be the rule that governs where such omission from the contract was the result of a mutual mistake of the parties. *Moliere* v. *Pa. Fire Ins. Co.* (1834), 5 Rawle (Pa.) 347, 28 Am. Dec. 675; *Gower* v. *Sterner* (1837), 2 Wharton (Pa.) 75; *Gibson* v. *Watts* (1826), 1 McCord (S. C.) 490; *Fowler* v. *Redican* (1869), 52 Ill. 405.

Appellant by his motion for a new trial attempts to present questions as to the evidence, but it does not appear by his brief that any bill of exceptions was ever filed. No question as to the evidence is therefore presented.

The judgment is affirmed.