## LEVY *v.* WINGET.

[No. 17,274.   Filed November 28, 1944.]

*Russell J. Dean* and *Robert L. Carrico*, both of Indianapolis, for appellant.

*Francis E. Thomason, Owen S. Boling,* and *Jay W. Winget,* all of Indianapolis, for appellee.

CRUMPACKER, J.—The appellee, an attorney at law, sued the appellant in the Marion County Superior Court to recover the value of services rendered in the success-

ful prosecution of a claim the appellant asserted against his deceased wife's estate. The appellant defended on the theory that such services were rendered according to the terms of an express oral contract of employment whereby the appellee agreed to accept the sum of $100 in full payment therefor which sum had been fully paid and satisfied. Trial to a jury was waived and the court found generally for the appellee in the sum of $2500 and entered judgment accordingly. The appellant's motion for a new trial, the overruling of which constitutes the sole error assigned, charges that (1) the amount of recovery is erroneous in that it is too large, (2) the decision of the court is not sustained by sufficient evidence, (3) the decision of the court is contrary to law, and (4) the court erred in admitting certain evidence over the appellant's objections.

At the very outset we are met with the appellee's assertion that the general bill of exceptions containing the evidence is not properly in the record. If such contention has merit it is apparent that this appeal presents no question for our determination as all error assigned necessitates a consideration of the evidence.

Rule 2-3, 1943 Revision, provides that "Every bill of exceptions tendered prior to the filing of the transcript in the appellate tribunal shall, if correct, be signed by the judge and filed with the clerk, which filing may be evidenced by an order book entry or the clerk's certificate." Within its purview this rule supersedes all prior statutes and decisions of the appellate tribunals of this State. The procedure laid down by the rule is simple and clearly announced. Before any bill of exceptions can be brought into the record it must first be presented to the trial judge and by him settled and signed, and it must then be filed with the clerk. That such has been done must be evidenced by either

an order book entry to that effect or by the clerk's certification thereof.

The transcript before us is in two volumes the first of which contains the index, assignment of errors, all pleadings and order book entries of proceedings, and a general bill of exceptions containing all of the evidence taken in the cause except exhibits "F-1" to "F-11," both inclusive, and exhibits "G," "H," and "U." Exhibits "F-1" to "F-11" and exhibit "G" are included as original documents in Vol. 2 of said transcript, but exhibits "H" and "U" do not appear in either volume thereof. We find no order book entry showing the filing of such bill of exceptions further than that of April 10, 1944, which appears in Vol. 1 of the transcript and reads as follows: "and now the defendant tenders the court his bill of exceptions, which are by the court examined and approved and signed by the court." This, we think, is clearly insufficient to show that said bill of exceptions was filed with the clerk as required by Rule 2-3, supra, and we must therefore look to the clerk's certificate to determine whether such bill of exceptions was in fact filed with him. In Vol. 1 of the transcript immediately following that portion thereof purporting to be a copy of all pleadings, order book entries of proceedings, etc., and immediately preceding the bill of exceptions containing the evidence the following certificate appears:

"I, A. Jack Tilson, Clerk of the Superior Court, of Marion County, Indiana, do hereby certify that the above and foregoing transcript contains full, true and correct copies of all the papers filed and entries of proceedings had in the above entitled cause as appears from the files and records in my office.

"I further certify that I have incorporated in this transcript the original Bill of Exceptions containing the evidence in said cause instead of a copy thereof, all as requested by the above and foregoing praecipe.

"IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said court, at my office in the City of Indianapolis this 27th day of April 1944.

"A Jack Tilson,
"Clerk Superior Court, Marion County, Indiana."

It will be noted that only the papers and order book entries preceding the certificate are certified as appearing of record in the clerk's office. The bill of exceptions containing the evidence follows this certificate and that part of such certificate as refers to said bill of exceptions in no manner indicates that it was filed with the clerk as required by Rule 2-3, supra.

It may seem that our attitude in this respect is somewhat technical, but we feel that the 1943 Revision of the Rules has so simplified appellate procedure that to relax the clear, definite and simple requirements as to how the filing of a bill of exceptions must be evidenced would amount to an abrogation of the rule and not a mere construction or judicial interpretation thereof.

As we have heretofore said, exhibits "F-1" to "F-11," inclusive, and exhibit "G" appear in Vol. 2 of the present transcript. The certificates of the clerk, court reporter, and trial judge are attached to Vol. 1, and nowhere in either of said certificates are the exhibits contained in Vol. 2 referred to or identified. Vol. 2 and its contents is wholly without authentication of any sort and nowhere do we find the slightest evidence that it was filed with the clerk of the trial court.

We are required to decide cases on the basis of a transcript of the record below. Bills of exceptions, to become a part of that record must be filed with the clerk of the trial court and certainly it is essential for us to know that the bill of exceptions containing the evidence that appears in the tran-

script is the one that was actually filed below, and it does not appear to us unreasonable to require a clear, definite and certain certification thereof where there is no orderbook entry showing such filing.

Under the circumstances, we are constrained to hold that the bill of exceptions containing the evidence is not a part of the record in this cause and, as all questions raised by the assignment of errors necessarily involve a consideration of the evidence, we are powerless to determine them.

Appeal dismissed.

Note.—Reported in 57 N. E. (2d) 629.