MCCRACKEN *v.* HUNTER ET AL.

[No. 19,439. Filed December 26, 1962.]

158

*Jay O. Chapman,* of Washington, for appellant.

*Fred Dobbyn, J. Lloyd Fitzpatrick,* and *Hastings & Allen,* all of Washington, for appellees.

GONAS, P. J.—The appellees, Harry B. Hunter and Essie C. Hunter, sued the appellant, Willeford Kyle Mc-Cracken, on a promissory note and for the foreclosure of a mortgage executed by the appellant to the appellees securing said note and covering certain real estate situate in Daviess County, Indiana. The issues were closed on appellees' amended complaint by appellant's first pleading paragraph of amended answer.

The substantive allegations of appellees' amended complaint are that on July 8, 1953, the appellant, by his promissory note promised to pay the appellees $6,639.70 five years thereafter, with interest from said date until paid at the rate of six per cent (6%) per annum. That to secure the payment of said note, the appellant executed to appellees, his mortgage covering three parcels of land denominated tract 1, tract 2, and tract 3. That the appellant failed to pay the interest on said note when it became due, according to the tenor of said note, and that said note accordingly became due and collectible in the aggregate sum of $7,239.70, together with reasonable attorney fees of $705.50. That since the execution of said mortgage the appellees acquired by conveyance the fee simple title to tracts 2 and 3 and now seek to foreclose said mortgage against tract 1. That the appellees demand judgment of $8,000.00, and asks that said mortgage

be foreclosed against tract 1 and that said tract 1 be sold for that purpose and for all other proper relief.

Appellant's first pleading paragraph of amended answer denied that he failed to pay the interest on the note when it became due and denied that the note was due and collectible and further denied that Harry B. Hunter acquired by conveyance the fee simple title to tracts 2 and 3 described in appellees' complaint. The other allegations in the appellees' complaint were admitted.

Trial was had by the court without the intervention of a jury. The court found for the appellees, rendered judgment in their favor for the sum of $9,707.55, together with interest and costs, and entered a decree of foreclosure and order of sale of tract 1 of the mortgaged real estate.

The appellant in his assignment of errors asserts the following:

1. That the court erred in sustaining plaintiffs' motion and to strike parts of defendant's first paragraph of answer to the amended complaint.

2. That the court erred in sustaining plaintiffs' demurrer to the second paragraph of defendant's answer.

3. That the court erred in sustaining plaintiffs' demurrer to the second paragraph of defendant's amended answer.

4. That the court erred in sustaining plaintiffs' demurrer to defendant's cross-complaint.

5. That the court erred in sustaining the plaintiffs' objection to the filing of "Amended Answer After Trial."

6. That the court erred in sustaining plaintiffs' objection to the filing of defendant's motion for judgment before verdict.

7. That the court erred in overruling defendant's motion for a new trial.

Appellant has not discussed in the argument portion of his brief his first assigned error. Accordingly, appellant has waived this specification of error. Rule 2-17, Rules of the Supreme Court.

Appellant's assigned error number three is also waived for the reason that appellant has omitted from his brief, the deed which was Exhibit "A" of his second pleading paragraph of amended answer.

In this second assignment of error, appellant claims that the court erred in sustaining appellees' demurrer to his second paragraph of his original answer to the amended complaint. The record shows that the appellant pleaded over after the court sustained appellees' demurrer, and therefore, any objection appellant might have had is lost. *Taylor* v. *Altgelt* (1946), 224 Ind. 383, 67 N. E. 2d 531.

Appellant has wholly failed to present a clear and cogent argument relative to his assigned errors four, five, and six. Merely calling the reviewing court's attention to a question, and asking its judgment thereof, is not such an argument thereof as is required by the rules of court. *Irwin* v. *Lowe et al.* (1883), 89 Ind. 540. In the words of the rule itself:

> "After each assignment of error relied upon ... there shall be concisely stated the basis of the objection to the ruling complained of, exhibiting clearly the points of fact and of law being presented, and how they are applicable, citing the authorities and statutes relied upon, and setting out verbatim the relevant parts of such statutes as are deemed to have an important bearing." Supreme Court Rule 2-17 (e).

This rule has not been complied with. Appellant herein is content to do nothing more than to simply state that the court erred and indicate to this court the page in the record where the alleged error may be found together with some general observations. Under these circumstances this court will not consider the above mentioned assigned errors. *Wright* v. *McLarinan* (1883), 92 Ind. 103. *The Northwestern Mutual Life Insurance Company* v. *Hazelett* (1886), 105 Ind. 212, 4 N. E. 582.

Appellant's seventh specification of error is that the court erred in overruling his motion for new trial. The only two errors asserted in appellant's motion for new trial that were not covered directly by the assignment of errors are that the decision of the court is not sustained by sufficient evidence and is contrary to law. The determination of both of these questions requires a study of the evidence. Unhappily, the evidence is not before us. The bill of exceptions containing the evidence is not in the record on appeal. The clerk's certificate precedes the bill of exceptions in the transcript, and the said certificate does not state that the bill of exceptions is included in the transcript. The clerk's certificate does not certify to the bill of exceptions. The clerk's certificate, therefore, does not authenticate the record so far as the bill of exceptions is concerned.

The certificate of the clerk should be at the end of the transcript, as it must follow all proceedings and entries which it purports to authenticate. *Johnson* v. *Johnson* (1901), 156 Ind. 592. *Guthiel* v. *Dow* (1912), 177 Ind. 149.

In the recent case of *Murphy et al.* v. *Hendrick* (1959), 129 Ind. App. 655, 157 N. E. 2d 306, the court said:

"It seems settled that the Bill of Exceptions, as well as all other parts of the transcript must precede the Clerk's Certificate and be identified by it ... Therefore, everything after the Clerk's Certificate contained in the document before us is not certified. We have said that where the Certificate of the Clerk precedes the purported Bill of Exceptions containing the evidence, such as in the document before us, the Bill of Exceptions is not before the court as the authenticity thereof has not been certified by the Clerk." Many authorities are cited.

The appellant's brief fails to show the filing of a bill of exceptions. No question as to the evidence is presented, although he attempted to present such question in his motion for a new trial. *Moran* v. *Wilson* (1922), 77 Ind. App. 553, 133 N. E. 845.

The bill of exceptions is not a part of the record on appeal for the reason that it has not been filed in the trial court. There is no order-book entry in the transcript showing the filing of the bill of exceptions. The clerk's certificate to the transcript does not evidence the filing of such bill of exceptions. There is not even the file stamp of the clerk of the trial court on the bill of exceptions.

Where there is no order-book entry showing the filing of a bill of exceptions, it is necessary, in order that the bill become a part of the record, that the filing of it by the clerk be shown by a clear, definite and certain certification thereof. *Levy* v. *Winget* (1944), 115 Ind. App. 183, 57 N. E. 2d 629.

"Every bill of exceptions tendered prior to the filing of the transcript in the appellate tribunal shall, if correct, be signed by the judge and filed with the clerk, which filing may be evidenced by

an order book entry or the clerk's certificate." Rule 2-3, Rules of the Supreme Court.

For these reasons the appellant has presented no question as to the sufficiency of the evidence to sustain the finding of the court.

The question whether the finding is sustained by sufficient evidence or is contrary to law can only be determined on appeal from the evidence, together with the law applicable thereto. Therefore, in order to make either of these causes available on appeal, the record must contain all of the evidence given at the trial. Where the evidence is not in the record, the appellate tribunal will presume in favor of the finding. Works' Indiana Practice, Lowe's Revision, Vol. 4, §61.88. *Adams* v. *Shamrock Oil Co.* (1926), 84 Ind. App. 169; *Maxwell Implement Co.* v. *Fitzgerald* (1926), 85 Ind. App. 206.

The judgment of the trial court is affirmed.

Bierly, Kelley, and Pfaff, JJ., concur.

NOTE.—Reported in 186 N. E. 2d 884.