NUTTING *v.* WILCOX ET AL.

[No. 20,375. Filed February 14, 1967. No Petition for Rehearing filed.]

*Patrick & Anderson,* of South Bend, for appellant.

*Roland Obenchain, Jr.,* and *Jones, Obenchain, Johnson, Ford & Pankow,* both of South Bend, for appellees.

COOK, J.—This appeal arises from a cause of action filed by the Appellant, William E. Nutting, against the Appellees, Louis N. Wilcox and Louis K. Wilcox, for recovery of damages for personal injury and property damage as a result of a collision between the automobile owned and operated by Appellant and an automobile owned by the Appellee, Louis N. Wilcox, then being operated by Appellee, Louis K. Wilcox.

At the conclusion of Appellant's evidence and before the introduction of any evidence by Appellees, the trial Court directed the jury to return its verdict for the Appellee, Louis N. Wilcox, and against Appellant on his complaint. At the conclusion of all of the evidence, the Court also directed the jury to return a verdict for Appellee, Louis K. Wilcox. Judgment

was entered accordingly. From this judgment Appellant appeals.

By leave of this Court, Appellant filed an amended assignment of errors wherein the sole assigned error is the overruling of Appellant's motion for a new trial. Said motion contains the following grounds:

"1. The court erred in granting a motion for a directed verdict for the defendant, Louis N. Wilcox, at the close of the plaintiff's evidence and entering judgment for said defendant pursuant to said directed verdict.

"2. The court erred in granting a motion for a directed verdict for the defendant, Louis K. Wilcox, at the close of the defendant's evidence and entering judgment for said defendant pursuant to the directed verdict.

"3. . . . waived . . .

"4. The directed verdicts and judgments entered pursuant thereto on behalf of each of the defendants were not supported by the evidence.

"5. The directed verdicts and judgments entered pursuant thereto on behalf of each of the defendants were contrary to law.

"6. The court erred in denying the motion of the plaintiff, subsequent to directing a judgment for the defendant, Louis K. Wilcox, for findings of fact and conclusions of law, the directed verdicts having constituted the trial won by the court rather than by the jury."

Appellee contends that the bill of exceptions containing the evidence is not properly in the record. If this contention is correct, no question is presented for our consideration since the errors assigned require an examination of the evidence.

Appellant's purported bill of exceptions was not signed or dated by the trial judge; and, there is no order book entry in the record showing presentation to or signing of the bill of exceptions by the trial judge. Further, the clerk's certificate is erroneous on its face, as it recites that the bill of exceptions was filed "after the same was signed by the Judge."

Although this certificate is signed by the clerk it is neither dated nor file stamped by the clerk.

Rule 2-3, Rules of the Supreme Court, provides:

". . . Every bill of exceptions tendered prior to the filing of the transcript in the appellate tribunal shall, if correct, *be signed by the judge and filed with the clerk,* which filing may be evidenced by an order book entry or the clerk's certificate. . . ." (emphasis supplied)

The foregoing provision is mandatory, and therefore is jurisdictional. *Rans* v. *The Pennsylvania Railroad Company* (1962) 133 Ind. App. 592, 597, 181 N. E. 2d 644.

This Court is extremely reluctant to dispose of a case on purely technical grounds which prevent us from examining the merits of an appeal. However, to do otherwise in this case would be to ignore the Rules of this Court altogether.

This Court said, in *Levy* v. *Winget* (1944), 115 Ind. App. 183, 186, 57 N. E. 2d 629:

". . . we feel that the 1943 Revision of the Rules has so simplified appellate procedure that to relax the clear, definite and simple requirements as to how the filing of a bill of exceptions must be evidenced would amount to an abrogation of the rule and not a mere construction or judicial interpretation thereof. . . . We are required to decide cases on the basis of a transcript of the record below. Bills of exceptions, to become a part of that record must be filed with the clerk of the trial court and certainly it is essential for us to know that the bill of exceptions containing the evidence that appears in the transcript is the one that was actually filed below, and it does not appear to us unreasonable to require a clear, definite and certain certification thereof where there is no orderbook entry showing such filing."

As the evidence is not in the record, we must presume in favor of the finding below. *McCracken* v. *Hunter, et al.* (1962), 134 Ind. App. 157, 186 N. E. 2d 884. *Findling* v. *Findling* (1963), 134 Ind. App. 661, 186 N. E. 2d 892. No questions are presented by Appellant's motion for a new trial.

Judgment affirmed.

Pfaff, P. J., Bierly and Smith, JJ., concur.

NOTE.—Reported in 223 N. E. 2d 501.