IN THE MATTER OF THE ESTATE OF MAUDE TRITT RHODEN, DANIEL WATKINS *v.* ROBERT McPEAK, ADMINISTRATOR

[No. 1267A111. Filed November 20, 1968. No Petition for rehearing filed.]

*Louis L. Anderson,* of South Bend, for appellant.

*Robert J. McPeak,* of Terre Haute, for appellee.

SMITH, J.—This action was instituted in the Vigo Circuit Court by a petition filed by the appellee, Robert J. McPeak, Administrator of the Estate of Maude Tritt Rhoden for an order to sell certain of decedent's real estate to be used for the purpose of making distribution of the proceeds thereof to the heirs of the decedent; and to quiet title to said real estate against the claims of appellant, Daniel Watkins.

These proceedings were heard in the Probate Division of the Vigo Circuit Court before the probate commissioner, who, after the submission of all the evidence, entered his findings in favor of the appellee, which he submitted to the judge of the Vigo Circuit Court. Subsequent to the submission of the commissioner's finds, appellant's motion for new trial was denied by the Vigo Circuit Court judge, and the denial of said motion is the sole basis of this appeal.

However, it is our opinion that this appeal is not properly before this court and that we are prevented, therefore, from

making a determination of this cause on the merits. The bill of exceptions containing the evidence adduced at the hearing by the probate commissioner was signed by the probate commissioner, and was not signed by the judge of the Vigo Circuit Court as required by Supreme Court Rule 1-9, which reads in part as follows:

> "The *judge who presides at the trial of a cause* shall, if available, rule on the motion for a new trial, if one is filed, *and shall sign all bills of exceptions,* if such are requested" (Emphasis supplied).

A research of the decisions of our courts of appeal prior to the adoption of Rule 1-9 of the Supreme Court reveals that such a defect is not fatal to an appeal. Our Supreme Court in the case of *Clark v. Van Court* (1884), 100 Ind. 113, provided an early solution to the question of whether, on appeal, a bill of exceptions is properly before this court when signed by the probate commissioner. The Supreme Court in that case spoke as follows:

> "Where, in a case like this, exceptions to a report require, on appeal, an examination of the evidence, it must be set forth in a bill of exceptions signed by the master commissioner."

This court is of the opinion that this is no longer the law in Indiana, having been abrogated by Rule 1-9 of the Rules of the Supreme Court of Indiana. Supreme Court Rule 1-9 clearly states that the judge presiding at the trial is the sole individual who is authorized to "sign all bills of exceptions".

A probate commissioner is not considered to be a judicial officer even though Burns' Indiana Statutes, § 6-159 (1953 Repl.) would seem to indicate that a probate commissioner has the authority to exercise quasi-judicial authority, as follows:

*"6-159 [3060] (1953 Repl.), Probate commissioners—Additional duties.—In all counties of this state, having a population of not less than thirty thousand [30,000] nor more than one hundred and fifty thousand [150,000] according to the last preceding United States census, it shall be the duty of the probate commissioner of the circuit court in any county, duly appointed as by law provided, to hear evidence upon and report his finding to the judge of the circuit court of his county, upon all matters, probate, civil and otherwise, which may be referred to such probate commissioner by such judge of the circuit court, . . ."

However, our Supreme Court in *Delaney v. Gubbins* (1914), 181 Ind. 188, 104 N. E. 13, declared that this statute did not confer judicial powers on a probate commissioner, quoting from a case cited therein as follows:

". . . . . *Shoultz v. McPheeters* (1881), 79 Ind. 373, 378. It was there said: 'The power to hear causes and report facts or conclusions to the court for its judgment is not judicial within the meaning of the Constitution. * * * A master in chancery often has occasion to consider questions of law and fact, but no one ever supposed him to possess judicial power.' "

Further, a hearing before a probate commissioner is in no respect a trial and, thus, a probate commissioner is not a *judge presiding at a trial* within the meaning of Rule 1-9. It follows that any bill of exceptions is not properly before this court when signed only by a probate commissioner and not by the probate judge. Failure to comply with this procedure renders the bill of exceptions defective and, as this court stated in *Nutting v. Wilcox* (1967), 140 Ind. App. 368, 223 N. E. 2d 501:

"Rule 2-3, Rules of the Supreme Court, provides:

'. . . Every bill of exceptions tendered prior to the filing of the transcript in the appellate tribunal shall,

---

*According to the last preceding United States Census (1960), Vigo County had a population of 108,458; and this court will take Judicial Notice of this census.

if correct, *be signed by the judge and filed with the clerk,* which filing may be evidenced by an order book entry or the clerk's certificate. * * * (emphasis supplied).

*"The foregoing provision is mandatory, and therefore is jurisdictional. Rans v. Pennsylvania Railroad Company* (1962), 133 Ind. App. 592, 597, 181 N. E. 2d 644, 184 N. E. 2d 37" (Emphasis supplied).

In matters heard in a proceeding before a probate commissioner, the commissioner is the sole individual who may certify the transcript of the proceedings to the judge prior to the entering of a final decision by the probate judge. However, when a party to that proceeding desires a review of such final decision by an appellate tribunal, the probate judge is the sole and proper individual to sign the bill of exceptions; and therefore it is our opinion that the decision of the trial court should be affirmed.

Judgment affirmed.

Carson, C.J., and Bierly, J., concur;

Cook and Pfaff, JJ. not participating.

NOTE.—Reported in 241 N. E. 2d 800.