**Donald E. MONTGOMERY, Appellant,**

**v.**

**AMERICAN HOIST & DERRICK CO., Respondent.**

**No. C7–84–246.**

Court of Appeals of Minnesota.

June 19, 1984.

Dale C. Nathan, Eagan, for appellant.

Mark A. Gwin, Minneapolis, for respondent.

Heard, considered and decided by SEDGWICK, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

PARKER, Judge.

Donald Montgomery sued American Hoist & Derrick Company (Amhoist), claiming that (1) Amhoist breached its oral employment contract to employ Montgomery on a permanent, lifetime basis by terminating him four years after hiring him; and (2) Amhoist breached its employment contract by not following the company's policy and procedural manual for terminating employment.

The trial court ordered summary judgment for Amhoist. Montgomery appeals, arguing that the two alleged claims presented genuine issues of material fact which were not appropriate for a summary judgment. We affirm.

## ISSUES

1. Did the trial court err in ruling that the parol evidence rule barred proof of an oral contract for permanent employment?

2. Did appellant provide valuable consideration in exchange for a promise of permanent employment?

3. Did the trial court err in not considering appellant's contention that respondent failed to follow prescribed termination procedures in discharging appellant?

## FACTS

Amhoist hired Donald Montgomery as manager administrator, St. Paul central engineering, in June 1974 and dismissed him

in January 1978 during an organizational restructuring. Consequently, appellant commenced this action, alleging wrongful discharge based upon his allegation that respondent breached the terms of its employment contract with him.

Montgomery contends that during negotiations with Amhoist representatives, they assured him of a "25-year, full-term, no-cut, no-layoff" employment contract. He claims he insisted upon that assurance, and it was the principal reason for his acceptance of the employment offer. Amhoist denies the allegation.

The only documentary evidence of an agreement between the parties is the following letter:

June 5, 1974

Donald Montgomery

6824 Oaklawn

Minneapolis, MN 55435

Dear Don:

It is with extreme pleasure that I confirm your offer of employment with American Hoist & Derrick as Manager Administration, St. Paul Central Engineering. Your starting salary will be $25,500 per year subject to annual reviews. You will head-up the administrative group and your responsibilities will be essentially as outlined in the position description designated SA–6–A–03. We will expect timely performance in assuming the engineering leadership role in the bill of material restructuring project, the companion classification activity and necessary overhauling and upgrading of the Corporate Engineering Standards documents. Another important aspect of your position will be the continuing development of constructive liason relationships with the Sales Department in sales estimate logging and expediting, Sales order processing, and other Sales Administrative services that this important function may require. Moreover, your liason relationships with the St. Paul Plant and the three other outlying plants will be of great importance. Although there are numerous other exciting challenges associated with growth opportunities in your position, these will be developed as you develop your performance in this position.

We look forward to your association with us and the many accomplishments that your capabilities should produce.

Best Regards,

Robert B. Singer,

Director of Engineering

Over three and one half years after Montgomery commenced this action, respondent moved for summary judgment. Prior to the time of hearing, appellant had not presented respondent or the court with any affidavit in opposition to respondent's motion as allowed by Rule 56.03, Minn.R. Civ.P. (1982), and Rule 3.02(c), Rules of Court for the Fourth Judicial District (1982). During oral arguments on the motion, Montgomery's attorney attempted to present the court with an affidavit in opposition to the motion, but respondent objected on the ground of untimeliness. The court sustained the objection and refused to accept or consider the affidavit. The court did, however, grant appellant an extension of time within which to serve and file a memorandum in opposition to defendant's motion.

The issue, consequently, was narrowed to whether or not plaintiff had come forward with sufficient evidence to create a genuine issue of material fact concerning the term of Montgomery's employment. The trial court ruled that Montgomery failed in this regard and granted respondent's motion for summary judgment. This appeal ensued.

## DISCUSSION

### I

Appellant's first contention is that the trial court erred in ruling that oral discussions and negotiations conducted prior to the June 5 letter were "precluded from consideration by the parol evidence rule." Appellant argues that the June 5 letter was never intended to represent the entire contract between the parties and therefore falls within the exception recognized in

*Phoenix Publishing Co. v. Riverside Clothing Co.,* 54 Minn. 205, 55 N.W. 912 (1893). The trial court, in a well-reasoned memorandum, concluded that the June 5 letter does not fall within the exception recognized in *Phoenix,* "that when only a part of the dealings between parties with respect to a particular subject is reduced to writing the parol evidence rule doesn't apply, except to the part that is written."

The trial court pointed out that "[the letter] does cover employing plaintiff [including salary, duties, expectations of employer] and should have stated that employment was permanent, if that is what the parties contemplated." *Bussard v. College of St. Thomas, Inc.,* 294 Minn. 214, 215, 200 N.W.2d 155, 162 (1972).

■ We hold that the trial court was correct in concluding that the parol evidence rule stood as a bar to proof of the alleged prior oral agreement for permanent employment.

■ Counsel for appellant also complains that there was insufficient time to respond to respondent's motion for summary judgment; consequently, an affidavit submitted at the time of the hearing was refused admission and the trial court did not have full knowledge of the facts. However, it appears from a review of the file that appellant was given more time than the ten-day period required by Rule 56.03, Minn.R.Civ.P. (1982). The proper remedy is to seek a continuation to afford sufficient time to prepare. Rules of Court for the Fourth Judicial District, 3.02(c) (1982). That was not done here, and the trial court properly enforced the rule.

Furthermore, had the affidavit been received in evidence, it consists in large part of unsupported generalizations by appellant, including his characterization of an explanatory letter, written by Mr. Singer at a time when he no longer worked for Amhoist, which lends a totally different flavor to it than does a reading of the complete letter. *Compare Eklund v. Vincent Brass and Aluminum Co.,* —— N.W.2d ——,

—— No. C2–83–2007, slip op. at 6 (Minn.Ct. App. June 5, 1984).

This case has been going on for four years. Depositions had been taken, interrogatories were answered long since. No reason was made clear to the trial court or to us why, if evidence existed to oppose the motion, it could not have been produced.

Appellant's characterization of the term of the contract as for 25 years raises obvious questions of the statute of frauds. This has, however, been neither briefed nor argued by either party. Counsel for appellant has cited and quoted cases dealing with *permanent* employment contracts as though that were his client's claim. Inasmuch as we sustain the trial court's order for summary judgment on other grounds, this requires no further discussion.

## II

Appellant contends that the trial court erred in granting summary judgment because he provided valuable consideration in exchange for the promise of permanent employment and thus falls within the exception recognized in *Bussard v. College of St. Thomas, Inc.,* 294 Minn. at 223, 200 N.W.2d at 161, that a contract for "permanent employment" will be construed to be terminable at the will of either party, except where the employee in effect purchases the permanence feature by giving a valuable consideration other than his customary daily services or otherwise giving up more than one normally gives up when he agrees to take on a new employment.

■ The trial court was correct in finding that "unlike the situation in *Bussard, supra,* no special relationship existed between the parties. Nor did [appellant] in accepting employment with Amhoist forego or relinquish any advantage he might have as an independent contractor that he would not necessarily have foregone or relinquished by accepting any other employment. Nor can any benefits Amhoist derived from employing him alter the result. An employer is entitled to an employee's efforts and the benefits consequent from them."

### III

Appellant's final contention is that Amhoist failed to follow an alleged company procedure for termination which required certain signatures on an Employee Status Notice and that the trial court erred in not considering this allegation.

 No evidence of any procedural manual was produced. Even though there is no evidence, the fact that there was only one signature does not create a genuine issue of material fact unless it could be shown that those two signatures would not have been forthcoming. Appellant asserts that they would not have been, but his conclusory statement is not enough. There is no causal connection shown between the absence of the two signatures and appellant's termination.

### DECISION

The trial court was correct in ruling that evidence of prior oral discussions and negotiations was barred by the parol evidence rule. The affidavit and the other documentary evidence proffered in defense of the motion for summary judgment were untimely.

Appellant failed to present the trial court with sufficient evidence to create a genuine issue of material fact regarding the term of his employment with respondent and, accordingly, summary judgment was properly granted.

Affirmed.