INDIANA BOARD OF BEAUTY CULTURIST EXAMINERS *v.* ROYAL BEAUTY ACADEMY OF WASHINGTON, INDIANA.

[No. 20,722. Filed February 7, 1968. Rehearing denied February 29, 1968. Transfer denied May 14, 1968.]

*John J. Dillon,* Attorney General, *Michael Sara,* Deputy Attorney General, and *James R. Arthur,* Special Prosecuting Attorney, for appellant.

*Robert Hollowell, Robert Robinson,* and *Hollowell & Robinson,* of Indianapolis, of counsel, for appellee.

COOK, P. J.—This is a proceeding for judicial review of a ruling and judgment of the Daviess Circuit Court adverse to appellant, The Indiana Board of Beauty Culturist Examiners.

On July 27, 1966, the trial court found for the appellee and thereupon entered judgment accordingly. The Board filed a motion for new trial on August 17, 1966, and on November 21, 1966, the trial court overruled such motion. The Board thereafter filed its transcript and assignment of errors in this court on February 15, 1967.

Supreme Court Rule 2-2 provides in part: "In all appeals and reviews the assignment of errors and transcript of the record must be filed in the office of the Clerk of the Supreme Court (or Appellate Court) within 90 days from the date of the judgment or the ruling on the motion for new trial (whichever is later) unless the statute under which the appeal or review is taken fixes a shorter time, in which latter event the statute shall control. . . ."

The Administrative Adjudication and Court Review Act, Burns' Ind. Stat. Anno. § 63-3019, clearly states that no motion for new trial shall be permitted prior to appealing the decision of the trial court. Thus, any motion for new trial filed in such an action is a nullity, and such a motion cannot operate to extend the time in which the transcript and assignment of errors must be filed in this court.

Appellant contends that the Administrative Adjudication Act has no application to reviews from The Board of Beauty Culturist Examiners because Burns' Ind. Stat. Anno. § 63-1824a states that the Administrative Adjudication Act "shall not apply to the board or its action or inaction."

We find that § 63-1834a does not purport to except the Board of Beauty Culturist Examiners from the *appeal* pro-

visions of the Administrative Adjudication Act, but ■ only excepts proceedings before the Board. The Beauty Culture Law contains provisions for an "appeal" to a circuit court, but there are no provisions relating to appeals from circuit courts to this court. Thus, we hold that actions for judicial review from these proceedings are governed by § 63-3019. This is in accordance with the declared intent of the Administrative Adjudication Act that it apply to all administrative determinations except those *specifically* excepted. Burns' Ind. Stat. Anno. § 63-3003. *State ex. rel. Calumet National Bank* v. *McCord* (1963), 243 Ind. 626, 633-34, 189 N. E. 2d 583.

No matter what view is taken of the remedial statutes, this court does not have jurisdiction of this appeal.

Our Supreme Court said, in the case of *City of Plymouth* v. *Stream Pollution Cont. Bd.* (1958), 238 Ind. 439, 445, 151 N. E. 2d 626,

"As there is no trial in the usual sense upon the judicial review, there can be no basis for asking for a new trial. . ."

See also: *Indiana Alcoholic Bev. Comm.* v. *B & T Distributors, Inc.* (1967), 141 Ind. App. 343, 228 N. E. 2d 35.

As the transcript and assignment of errors were not filed with the Clerk of the Supreme and Appellate Courts within ninety days from the date of the judgment of the trial court, appellee's motion to dismiss, heretofore filed in this cause, is well taken.

Even if this court did have jurisdiction of this proceeding, and we specifically hold we do not have such jurisdiction, the transcript of the record before us does not contain a bill ■ of exceptions, signed by the trial judge. The record is further deficient in that it fails to show by order book entry, a file mark, or certificate of the clerk of the Daviess Circuit Court that the bill of exceptions was filed with such clerk.

Supreme Court Rule 2-3 provides that ". . . Every bill of exceptions tendered prior to the filing of the transcript in the appellate tribunal shall, if correct, be signed by the judge and filed with the clerk, which filing may be evidenced by an order book entry or the clerk's certificate. . . ."

The clear provisions of this Rule are mandatory. A document which purports to be a bill of exceptions not signed by the trial judge presents no questions based upon the purported bill. *Nutting* v. *Wilcox* (1967), 140 Ind. App. 368, 223 N. E. 2d 501, 10 Ind. Dec. 45.

The principal questions sought to be presented in this appeal require an examination of the bill of exceptions in order to determine "whether or not the appellant has conformed to the proper procedural methods, and whether its decision is supported by substantial evidence."

Without the evidence before us we must presume in favor of the findings and judgment of the trial court.

The only assignment of error relied upon by appellant which does not require an examination of the evidence, is the action of the trial court in sustaining appellee's demurrer to appellant's plea in abatement. Appellant's plea alleged improper venue.

We find that the trial court did not err in sustaining appellee's demurrer. It is acknowledged that a plea in abatement is not favored by the courts. The appellant's plea did not meet the statutory requirements imposed by Burns' Ind. Stat. Anno. § 2-1034; and further, did not meet the duty imposed upon it to anticipate and exclude every possibility of venue being in Daviess County.

Appeal dismissed.

Carson, C. J., Pfaff, Cooper and Faulconer, JJ., concur;

Bierly, J., dissents with opinion, with Prime and Smith, JJ., concurring.

## Dissenting Opinion

BIERLY, J.—I respectfully dissent to the majority opinion in the case at bar.

Burns' 63-1824a provides as follows:

"The administrative adjudication act, the same being Chapter 65 of the Acts of 1947, shall not apply to the board or its action or inaction. This section is enacted for the purposes of clarification."

This section went into effect on August 1, 1955.

It is my opinion that this section specifically exempts any action, of which the Board is a party, from the application of the Administrative Adjudication Act.

Provision had already been made by the Legislature for the interpretation given to § 63-1824a by the majority. Under the Administrative Adjudication Act, § 63-3024, it is provided that:

"The provisions of this act shall not apply to the proceedings for the issuance of licenses or permits on application but the proceeding for such license or permit by such proceedings shall be under the provisions of the law relating to the particular agency, . . . ."

The above provisions went into force on January 1, 1948. It seems as though the majority opinion places a redundant interpretation on § 63-1824a.

In the alternative, assuming the majority is correct in its interpretation, I still cannot agree with the result it reaches.

Under the majority opinion, once the cause moves from the administrative board to the courts, the Administrative Adjudication Act applies.

It appears that appellee has followed the appeal provisions of the Beauty Culture Law in prosecuting his appeal from the Board. Under the Beauty Culture Law, appellee had 30 days within which time to appeal to the Circuit or Superior Court of its residence, by posting a One Hundred Dollar [$100.00]

bond with the clerk of said court. Appellee, in the case at bar, did so, on February 11, 1966, following the decision of the Board, rendered on January 21, 1966.

Under the provisions of the Administrative Adjudication Act, appellee would have had to have filed his appeal within fifteen (15) days from the date of the receipt of notice of the Board's action. Failure to comply with the fifteen (15) day period terminates all rights to judicial review. Also, appellee states that the appeal is governed by the Beauty Culture Law in his petition for review filed in the Daviess Circuit Court.

As a result of the foregoing, I am of the opinion that appellee is judicially estopped from raising this question in this court. Under C.J.S. Vol. 31, Estoppel § 117(b), p. 625, the basis of judicial estoppel is said to be not strictly one of estoppel, but that it:

". . . partakes rather of positive rules of procedure based on manifest justice and to a greater or lesser degree, on considerations of the orderliness, regularity and expedition of litigation."

And, further in § 118, p. 628, it is said:

"The doctrine of estoppel to assume inconsistent positions in the course of the same judicial proceeding is variously applied, and precludes a person from seeking a benefit under a particular statute and in the same proceeding assailing the statute. . . ."

. . .

"A party who has taken a position with regard to procedure, which has been acted or relied on by his adversary or by the court, is estopped to take an inconsistent position with respect to the same matter, in the same proceedings, to his adversary's prejudice."

I am of the opinion that injustice is inherent in the action of the majority in dismissing the action on this basis.

It is obvious that all parties below knew that they were operating under the Beauty Culture Law. I am of the opinion that to allow the appellee to assert a position below, using the Beauty Culture Law as his basis, and then allowing him to

successfully maintain a motion to dismiss an appeal, because the appellant has also used that act, is unconscionable and unjust.

Appellee filed an application with appellant Board for a license to operate a beauty school in Washington, Indiana. The appellant Board held a hearing on the application on December 15, 1965, and on January 21, 1966, denied the same. Following this action by the Board, appellee filed an appeal in the Daviess Circuit Court, which court, after a review of the transcript of the hearing before the Board, found that the Board's order was not supported by substantial evidence nor was it based upon a substantial factual foundation, and therefore the Board should issue the license to appellee.

Appellant's sole assignment of error is that the court erred in overruling its motion for a new trial. Contained therein are the following three specifications:

> "1. The decision of the Court is not sustained by sufficient evidence.
> "2. The decision of the Court is contrary to law.
> "3. The Court erred in sustaining plaintiff's demurrer to defendant's plea in abatement."

One of the appellant's contentions on this appeal is that:

> "The Decision of the Board of Beauty Culturist Examiners was Supported by Substantial Evidence on the Record as a Whole and Should have been Affirmed."

Under the Beauty Culture Law, Burns' Anno. Stat. § 63-1814 (1961 Replacement), provision is made for the refusal to issue a license by the Board. The statute, and the portion of which it is urged on this appeal, provides as follows:

> "The Board shall either refuse to issue or renew or shall suspend or revoke any certificate of registration for any one [1] or combination of the following causes:
> . . .
> "(2) Malpractice or incompetency."

The function of the trial court under the Beauty Culture Law is set forth in Sec. 15, Ch. 72 of the Acts of the Indiana General Assembly of 1935, Burns' Anno. Stat. § 63-1815 (1961 Replacement).

This section reads in part as follows:

"Where the appeal is for a refusal to grant a certificate, the same shall be heard upon the application and certified copy of the order of refusal without any other issue; the same to be tried by the judge of said court, who shall, upon his findings, enter a judgment that the certificate shall or shall not be issued, as the facts may require, and, upon such order, the clerk of such court shall send a certified copy of such judgment to the state board within not less than two [2] days from date of such finding and judgment. The prosecuting attorney shall represent the board in such appeal, and if the court shall refuse a license, judgment shall be entered against the applicant for costs."

The Supreme Court had before it a similar statute in the case of *State Board of Medical Registration, etc.,* v. *Scherer* (1943), 221 Ind. 92, 46 N. E. 2d 602, wherein the court held the following:

"The granting and revocation of licenses to engage in trades, businesses, or professions is a ministerial function. Ministerial boards act as fact-finding bodies to ascertain whether applicants conform to a legislative formula by which the right to a license is fixed. It is well settled that under the division of powers, these ministerial fact-finding duties may not be delegated to courts, and that the so-called appeal provisions of statutes which undertake to vest in courts jurisdiction to try and determine de novo the facts entitling an applicant to a license, or to continue to operate under a license, must be treated as merely providing procedure by which the proceeding may be brought before the court for an investigation to determine whether the ministerial body has acted legally and within its powers. In all of such cases, if the ministerial board has conformed to statutory procedural methods, and its decision is supported by substantial evidence, its findings and determination will not be disturbed. *Spurgeon et al.* v. *Rhodes* (1906), 167 Ind. 1, 78 N. E. 228; *Stone, Superintendent* v. *Fritts* (1907), 169 Ind. 361, 82 N. E. 792; *In Re Northwestern Telephone*

*Company et al.* (1930), 201 Ind. 667, 171 N. E. 65; *Lloyd et al.* v. *City of Gary* (1938), 214 Ind. 700, 17 N. E. (2d) 836. It is true that the statute here in question seems to contemplate a de novo proceeding before the court, and a finding of 'guilty' or 'not guilty'; but regardless of what may seem a legislative intention to the contrary, this court has consistently construed similar statutes as vesting in the courts only such jurisdiction as the Constitution permits."

. . .

". . . the only jurisdiction of the court was to review the decision of the board, and that the decision of the board must be sustained if it was supported by substantial evidence. . . ."

It is our opinion that the trial court's function is to determine whether or not the appellant has conformed to the proper statutory procedural methods, and whether its decision is supported by substantial evidence. Also, see: *Board of Medical Registration and Exam.* v. *Moore* (1947), 224 Ind. 621, 70 N. E. 2d 354; *Kaplan* v. *State ex rel. Meyer's Plumbing, Inc.* (1960), 241 Ind. 147, 164 N. E. 2d 645.

It appears from the record that the Royal Beauty Academy, Inc., operated a beauty culture school in Indianapolis, and much of the evidence before the board was concerned with the operation of this Indianapolis school.

The following summary of evidence by appellant presents the alleged malpractice or incompetency argument which was in issue before the board:

"Marie Bunch testified that as an instructor-trainee she was supposed to observe how the school was run but that she wasn't given any information which was of any help to her whatsoever. She stated that there never was a practical class while she was there. Also, she was requested to work in the salon by two (2) instructors and by Gordon Platt. She stated that the salon was not as clean as it should have been and that the floor was definitely unsafe. In fact, she had seen customers trip on it, and she herself had tripped on the defective floor. The floor and equipment were unclean, and she never saw anyone clean the place. The length of the class depended on the number of customers waiting and there was never a regular schedule to

go by. Students were taken out of class to work on customers in the salon. And the students were given credit for time spent working on customers. Several students worked on customers without having the required 200 hours of theory.

"Melanie Mattingly testified that 2 years prior to her enrollment she had between 150 and 200 hours of theory; that she re-enrolled on a Wednesday and was asked the following Saturday to work on the public. When asked the condition of the premises, she said they were a mess. She said the equipment was dirty. When she cleaned up the premises, Mrs. Platt called her stupid for doing so. She told Mrs. Platt about an infraction of the rules by an instructor and was told to forget it. Students were asked to work on the floor without any prior training."

Another witness testified she had been enrolled for 3 weeks before she had an instructor or a book. She further stated she had worked on customers before attending any practical or theory classes and that the floor was defective and the chairs and sterilizers were dirty.

The State Inspector also found, on her inspections, similar objections to the upkeep and maintenance of the school.

There was also a showing that the financial statement filed with the board did not accurately portray the financial situation of the corporation.

In view of the foregoing evidence, we are of the opinion that the trial court erred in overruling the board's action, which is supported by substantial evidence, and hence is not contrary to law.

In regard to appellee's alternative motion to dismiss or affirm heretofore held in abeyance, we are of the opinion it should be overruled.

However, we would like to comment on the supposed failure of appellee to include a bill of exceptions.

Assuming, for the moment, that appellee is correct in its assertion that a bill of exceptions was necessary and was not filed, we would still have to consider the alleged error raised in regard to the trial court's action in sustaining a demurrer

filed to the Board's plea in abatement, which questioned the jurisdiction of the trial court. See: *Stacker* v. *Mack Admrx., etc. et al.* (1955), 126 Ind. App. 95, 130 N. E. 2d 484. But in view of our conclusion in this opinion, it is unnecessary to consider that point.

Contained in the transcript are the following entries:

"And afterward, to-wit on the 8th day of July, 1966, being the 79th Judicial Day of the April term of said court, before the Honorable Fred Dobbyn, sole judge of said court, the following proceedings were had in said cause, to-wit:

"Come the parties by counsel, and the judge indicates that it will hear this appeal on the transcript of the evidence heard by the Board of Beauty Culturist Examiners in rendering the decision from which this appeal is taken. It is agreeable with the parties that the transcript is considered in evidence. Hearing is now had and arguments of counsel are heard and concluded. The Judge, *not* being advised takes the matter under advisement.

. . .

"Be It Remembered, That on the 8th day of July, 1966, the same being the 79th Judicial Day of the April Term, 1966, of this Court, Honorable Fred Dobbyn, Judge of said court presiding, the following proceedings were had in the above-entitled cause:

"(The *only* thing introduced as exhibits, evidence, or otherwise is the following 'Transcript of Proceedings' and it is labeled Plaintuff [sic] Exhibit One for the purpose of the Judge looking over the transcript later)."

It seems to us that since the trial court is not limited to a review of the evidence before the Board, and since the transcript of the Board's proceedings were properly placed before the court, with no other evidence introduced, that the necessity of a bill of exceptions would not be essential when an appeal is taken to this court. It would almost be like requiring the Appellate Court to sign a bill of exceptions after an appeal has been brought to this court, before the Supreme Court could review the decision on a petition to transfer.

We further believe that a bill of exception is unnecessary by reason of the following statute, being Burns' § 2-3104 (1946 Replacement) :

"Matters that are part of the record without a bill of exceptions.—Every pleading, motion in writing, report, deposition or other papers filed or offered to be filed, in any cause or proceeding, whether received by the court, refused or stricken out, shall be a part of the record from the time of such filing or offer to file. Any order or action of the court in respect to any such pleading, motion in writing, report, deposition or other paper, and every exception thereto taken by any party, shall be entered by the clerk on the minutes or record of the court, and the same, when so entered, shall be a part of the record without any bill of exceptions."

Also, Supreme Court Rule 2-4 states:

"In any proceeding for judicial review by a circuit or superior court of any decision, order or action of any board, . . . a transcript of the record and proceeding before such board, . . . filed in such reviewing Court under authority of law, and all transcripts, . . . shall constitute a part of the record. . . ."

And, without considering appellee's motion to dismiss or affirm, I am of the opinion that reversible error results by the trial court's action in sustaining appellee's demurrer to appellant's plea in abatement.

The basis of appellant's plea in abatement was, in effect, the trial court's lack of jurisdiction, because appellee's residence was in Marion County. By statute (Burns' § 63-1815), it is provided that, "An appeal may be taken from the action of the Board to the Circuit Court of the County of which such person, firm or corporation, taking an appeal is a resident."

Appellant attached, as an exhibit, a certified copy of appellee's Articles of Incorporation, showing appellee's residence as being in Marion County. To this plea in abatement the appellee demurred, and was sustained by the trial court.

Appellee contends that residence and domicile of a corporation is the State of its incorporation. With this contention we do not agree.

The Supreme Court has stated,

"It is indispensably necessary . . . that every . . . corporation should be regarded as having a domicil, or place of residence, within the State for the purposes of jurisdiction, litigation affecting its rights and duties, . . . ." See: *Eel River R. Co.* v. *State, ex rel.* (1900), 155 Ind. 433, 447, 57 N. E. 388.

Appellee also contends that the plea in abatement was not verified, and it appears that it was not. However, it also appears that the lack of verification was not raised in the trial court and thus waived. *Bradley et al.* v. *The Bank of the State of Indiana, &c.* (1863), 20 Ind. 528.

For these reasons we are of the opinion that appellee's alternative motion to dismiss or affirm should be overruled, and that the judgment of the court below be reversed.

Judgment reversed.

Prime and Smith, JJ., concur.

NOTE.—Reported in 233 N. E. 697.