STATE BOARD OF BEAUTY CULTU-RIST EXAMINERS, and Patsy Nix, Lucille Messick, Dorothy Cotterell, Connie Biggs, Irene Sebree, Robert Kopecky, M.D., Odessa Walker, individually, Appellants (Defendants Below),

v.

Brenda NUZZO and Holly Beruman, Appellees (Plaintiffs Below).

No. 3–981A242.

Court of Appeals of Indiana, Third District.

May 26, 1982.

Rehearing Denied July 19, 1982.

Linley E. Pearson, Atty. Gen., Gerald A. Coraz, Deputy Atty. Gen., Indianapolis, for appellants.

Terry K. Hiestand, Chesterton, for appellees.

STATON, Judge.

This is an interlocutory appeal by the State Board of Beauty Culturist Examiners and its individual members (the Board) from a denial of its motion for summary judgment in the Jasper Circuit Court.

The Board determined that Brenda Nuzzo and Holly Beruman had failed the examination for a license to practice electrolysis. The Board refused to issue licenses to Beruman and Nuzzo. Later, they made certain objections about the grading and scoring of their examinations to the Board. The Board denied their objections. Twenty-five days after they had received notice from the Board that their objections had been denied, Nuzzo and Beruman brought suit to reverse the determination of the Board, to obtain damages, and to seek injunctive relief.

The issue on appeal is as follows:

Whether judicial review of decisions made by the Board was governed by the Indiana Administrative Adjudication Act, IC 4–22–1–1 et seq., or IC 25–8–1–20 of the Indiana Beauty Culture Law?

We reverse.

The Board argues that judicial review of decisions of the Board is governed by IC 4–22–1–14 of the Indiana Administrative Adjudication Act (IAAA).[1] The Board fur-

---

1. IC 4–22–1–14 states as follows:

"Any party or person aggrieved by any order or determination made by any such agency shall be entitled to a judicial review thereof in accordance with the provisions of this act [4–22–1–1—4–22–1–30]. *Such review may be had by filing* with the circuit or superior court of the county in which such person resides, or in any county in which such order or determination is to be carried out or enforced, *a verified petition* setting out such order, decision or determination so made by said agency, and *alleging specifically wherein said order, decision or determination is*:

"(1) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; or

"(2) Contrary to constitutional right, power, privilege or immunity; or

"(3) In excess of statutory jurisdiction, authority or limitations, or short of statutory right; or

"(4) Without observance of procedure required by law; or

"(5) Unsupported by substantial evidence.

"*Said petition for review shall be filed within fifteen [15] days after receipt of notice* that such order, decision or determination is made by any such agency. Notice shall be given in the manner prescribed by section 6 [4–22–1–6] of this act. *Unless a proceeding for review is commenced by so filing such petition within fifteen [15] days any and all rights of judicial review and all rights of recourse to the courts shall terminate.*

"Written notice of the filing of such verified petition for review and a copy of said petition shall be personally served upon the agency and the attorney general. Where the agency consists of more than one member it shall be personally served upon the secretary or chairman of such agency.

"Any party or person so filing such verified petition for review with such court shall within fifteen [15] days thereafter secure from such agency a certified copy of the transcript of said proceedings before the agency including the order or administrative adjudication sought to be reviewed and file the same with the clerk of such court in which such action for review is pending. An extension of time in which to file such transcript shall be granted by said court in which such action for review is pending for good cause shown. Inability to obtain such transcript within time shall be good cause. Failure to file such transcript within said period of fifteen [15] days, or to secure an extension of time therefor, shall be cause for the dismissal of such petition for review by the court or on petition of any party of record to the original proceeding. Where more than one person may be aggrieved by the administrative adjudication only one [1] proceeding for review may be had and the court in which a petition for review is first properly filed shall have jurisdiction. All persons who were parties to the hearing before the agency shall be made parties to the petition for review and shall be notified thereof by the person filing such petition. [Acts 1947, ch. 365, § 14; 1957, ch. 355, § 4.]" (Emphasis added; brackets original.)

ther argues that the trial court did not have jurisdiction of the suit because Nuzzo and Beruman had not complied with the jurisdictional prerequisites of IC 4–22–1–14.

Beruman and Nuzzo argue that IC 25–8–1–20 [2] of the Indiana Beauty Culture Law contains the procedure to be followed for judicial review of decisions of the Board. They cite IC 4–22–1–24 and argue that, by its very terms, the IAAA does not apply to proceedings for the issuance of licenses; therefore, they conclude IC 25–8–1–20 governs the judicial review of the decision of the Board. We do not agree with this conclusion.

The intent of the IAAA is

"to establish a uniform method of administrative adjudication by all agencies of the state of Indiana, to provide for due notice and an opportunity to be heard and present evidence before such agency and to establish a *uniform method of court review* of all such administrative adjudication." (Emphasis added.)

IC 4–22–1–1. To accomplish this intent, the IAAA states, "all general or special laws or parts of laws in conflict herewith are hereby specifically repealed." IC 4–22–1–28. *Indiana State Personnel Board v. Parkman* (1969), 252 Ind. 44, 245 N.E.2d 153, 155.

In 1971 the Indiana Legislature amended IC 25–8–1–31 of the Indiana Beauty Culture Law to state that the provisions of the IAAA (IC 4–22–1–1 et seq.) shall apply to the Board and its actions.[3] West I.A.C. 25–8–1–31. Therefore, if the legislature intended a portion of the Beauty Culture Law to be exempted from the IAAA, the exemption would be specifically set forth.

Nuzzo and Beruman do not rely upon a specific exemption from the IAAA: rather,

---

**2.** IC 25–8–1–20 states in part the following:
 "*An appeal may be taken* from the action of the board to the circuit court of the county of which the person, firm or corporation, taking an appeal is a resident, *upon filing* with the clerk of the court *within thirty [30] days from the entering of the refusal*, suspension or revocation *of certificate of registration, a good and sufficient bond in a sum of one hundred dollars [$100]* to be approved by the clerk, to secure the payment of costs of the appeal should appeal be determined against her or it. It shall thereupon be the duty of the clerk to notify the board of the filing of the bond and the board shall thereupon forward to the clerk the charges, together with a certified copy of the suspension or revocation. The clerk of the court shall thereupon docket the same as a cause pending in the court. The charges shall be treated as a complaint. The accused may plead to the charges and issues may be formed thereon as in any civil case, and the same shall thereupon be tried by the judge of the circuit court. It shall be the duty of the prosecuting attorney of the circuit to which the county belongs to appear in such case and represent the board. The only finding and judgment in such cases shall be 'guilty' or 'not guilty' as to each of the charges. If the finding and judgment of the court be 'not guilty' as to each of the charges, the same shall be by the clerk of the court certified to the board, and the board shall thereupon make an order setting aside the order of suspension or revocation and forward to the clerk of the court a certified copy thereof, which certified copy shall be made a part of the records in the cause. If judgment of 'guilty' of any of the

charges be awarded in the case, the cost of such proceedings shall be recovered of the accused and the order of suspension or revocation made by the board shall be and remain in effect. During the pendency of appeal the accused shall not be entitled to practice by virtue of a certificate of registration.
 "*Where the appeal is for a refusal to grant a certificate, the same shall be heard upon the application and certified copy of the order of refusal without any other issue*; the same to be tried by the judge of the court, who shall, upon his findings, enter a judgment that the certificate shall or shall not be issued, as the facts may require, and upon the order, the clerk of the court shall send a certified copy of the judgment to the state board within not less than two [2] days from date of such finding and judgment. The prosecuting attorney shall represent the board in such appeal, and if the court shall refuse a license, judgment shall be entered against the applicant for costs." (Emphasis added; brackets original.)

**3.** Nuzzo and Beruman cite *Indiana Board of Beauty Culturist Examiners v. Royal Beauty Academy, Inc.* (1968), 142 Ind.App. 175, 233 N.E.2d 697, in support of their position. This case was decided when IC 25–8–1–31 stated, "the Administrative Adjudication Act ... shall *not* apply to the Board or its action or inaction. This section is enacted for the purpose of clarification." (Emphasis added.) In 1971, our legislature substituted the section as it now exists for the section in effect at the time of that decision. West's AIC 25–8–1–31.

they rely upon the following general language of IC 4–22–1–24:

"The provisions of this act [4–22–1–1—4–22–1–30] shall not apply to the proceedings for the issuance of licenses or permits on application but the proceeding for such license or permit by such proceedings shall be under the provisions of the law relating to the particular agency[;]" (Brackets original.)

They argue that the judicial review of the denial of the issuance of a license is part of the proceedings for the issuance of a license; therefore, the Beauty Culture Law, not the IAAA, governs the judicial review of the decision of the Board. We believe that the following language of our Supreme Court answers this argument:

"There is sound reason why in the initial granting of a permit the law applicable to the particular board should govern, since the standards for the grant differ with each board due to the peculiar character of its subject matter. The conditions for granting a branch bank permit, needless to say, differ from that in granting a physician's license or a building permit. We believe a full reading of the Administrative Adjudication Act reflects the intention that a judicial review under that act shall be applicable following the final hearing of such administrative body, whether the permit or license be granted or denied. A reading of the Act discloses an intention that it apply to all administrative determinations except those specifically excepted."

\*　　\*　　\*　　\*　　\*　　\*

"Other sections affirmatively show that all administrative proceedings involving the issuance and denial of licenses—except the initial proceedings—are under the Administrative Adjudication Act...

\*　　\*　　\*　　\*　　\*　　\*

"Although this Act has some ambiguities and is not as clear as we would desire it, we have no choice but to make a construction which we think is most logical and reasonable under the circumstances. We believe that it is the object of the Administrative Adjudication Act to provide for a uniform and orderly method of judicial review... [U]nless there is a very clear and specific exception, we must hold that the Act is applicable." *State v. McCord* (1963), 243 Ind. 626, 189 N.E.2d 583, 586.

Therefore, the parts of IC 25–8–1–20 that conflict with IC 4–22–1–14 are repealed. IC 4–22–1–28. The IAAA governs the judicial review of the refusal to issue the license by the Board.

Judgment reversed and remanded for action not inconsistent with this opinion.

HOFFMAN, P. J., and GARRARD, J., concur.